UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy Scott ALLEN,
Defendant–Appellant.

No. 88–5739.

United States Court of Appeals,
Sixth Circuit.

Submitted March 23, 1989.

Decided May 4, 1989.

John W. Gill, Jr., U.S. Atty., Office of the U.S. Atty., Chattanooga, Tenn., James R. Dedrick, Asst. U.S. Atty., Office of the U.S. Atty., Knoxville, Tenn., for plaintiff-appellee.

James A.H. Bell, Knoxville, Tenn., for defendant-appellant.

Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Timothy Scott Allen appeals from the district court's judgment of conviction on one count of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. For the following reasons, we affirm the district court's judgment.

## I.

On April 20, 1988, appellant Timothy Scott Allen was charged by information with one count of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. The factual basis for the charge was filed under seal, and so the underlying facts will not be set forth below. The procedural history of the case will be summarized briefly.

Allen plead guilty to the information on the date on which it was filed. Thereafter, on June 16, 1988, Allen filed a motion to declare the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991–998, and the Sentencing Guidelines promulgated thereunder, *see* 28 U.S.C. § 994, unconstitutional. The parties briefed this issue thoroughly, and it was ruled upon by the district court.

On June 29, 1988, the district court filed a memorandum and order denying Allen's motion, and holding that he would be sentenced under the Sentencing Reform Act. In so doing, the court held that the Act and the Sentencing Guidelines do not violate the constitutional principle of separation of powers; that the Guidelines do not violate due process; and that the Act does not constitute an unconstitutional delegation of legislative authority.

Following a hearing on that same day, the district court entered its judgment. The court sentenced Allen to forty-eight months' imprisonment,[1] followed by three years of supervised release. The court also imposed a $2500.00 fine and a $50.00 special assessment.

Allen filed this timely appeal. Appellant argues that the district court erred in upholding the Sentencing Reform Act and the Sentencing Guidelines in the face of his three constitutional challenges. The Supreme Court recently has settled this issue as it relates to two of appellant's challenges.

## II.

### A.

In *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Supreme Court squarely rejected the arguments that the Sentencing Reform Act constitutes an unconstitutional delegation of legislative authority and that it and the Sentencing Guidelines violate the constitutional principle of separation of powers. We are bound by that authority. Accordingly, we reject appellant's similar arguments.

### B.

In support of his argument that the Sentencing Reform Act and the Sentencing Guidelines violate due process, Allen relies primarily on the Western District of Pennsylvania's opinion in *United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.), *rev'd,* 864 F.2d 992 (3d Cir.1988). We agree with the courts of appeals which have considered this issue and refused to find a due process violation. Accordingly, we reject appellant's argument.

Although *Mistretta* did not address the argument that the Act and the Guidelines violate due process, the four circuit courts to consider this issue have held that no due process violation exists. *See United States v. Brittman,* 872 F.2d 827 (8th Cir.1989); *United States v. White,* 869 F.2d 822 (5th Cir.1989) (per curiam); *United States v.*

---

1. The court noted in a separate order that the sentence is less than the minimum term pre- scribed by the Sentencing Guidelines.

*Vizcaino,* 870 F.2d 52 (2d Cir.1989); *Frank,* 864 F.2d at 1008–10.

In *Frank,* the defendant argued that by circumscribing the sentencing court's discretion, the Sentencing Reform Act and the Sentencing Guidelines violate substantive due process, i.e., that there is a federal substantive liberty interest in an individualized determination of an appropriate sentence. *Id.* at 1008–09. The Third Circuit rejected that argument for two distinct reasons:

When dealing with imposition of the death sentence the Supreme Court has certainly cast doubt upon mandatory sentencing. That result apparently depends upon the proportionality requirement of the eighth amendment, a substantive liberty interest. Only once has the Court extended the proportionality requirement beyond the death sentence area. Following suit, courts of appeals have consistently rejected claims that mandatory prison terms set by Congress violate the due process clause by limiting the sentencing judge's discretion. We can conceive of sentencing guidelines imposing sentences short of the death sentence which are so disproportionate that they might be held to be cruel and unusual punishment. That substantive challenge is not advanced by Frank, however, and would in any event appear to be meritless in his case. The guideline sentences are, if anything, a move toward, rather than away from, proportionality in sentencing.

Aside from the proportionality argument, which may involve an eighth amendment substantive liberty interest, what is left is the contention that recognition of individualized treatment in sentencing is a right inherent in the human condition. The Supreme Court has recognized some substantive due process liberty interests as inherent in the human condition. The recognition of a substantive liberty interest in individualized treatment in sentencing would, however, be inconsistent with the generally accepted notion that both retribution, which focuses on the interests of the victim rather than the status of the defendant, and general de-terrence, which focuses on the interests of society at large rather than the status of the defendant, are appropriate societal reasons for imposing sanctions.

*Id.* at 1009–10 (citations omitted).

Similar to *Frank,* in *Vizcaino* the defendant argued that by preventing the judge from making a discretionary assessment of the individual defendant at sentencing, the Act and the Guidelines violate substantive due process. In *Vizcaino,* however, the defendant also argued that by denying him the articulated exercise of discretion by the sentencing court and by vesting excessive sentencing authority in the prosecutorial branch of the government, the Act violates due process. The Second Circuit rejected these arguments. First, the court held that although the new sentencing scheme undoubtedly will restrict discretionary individualized sentencing, there is no constitutional right to judicial discretion in individualized sentencing. Second, the court held that the Guidelines provide "if nothing else" adequate procedural safeguards to satisfy the demands of the due process clause. Finally, the court held that assuming it would be fundamentally unfair for the executive branch to control sentencing, the Act does not vest the President with an unlawful degree of control over the promulgation of the Guidelines.

In *White,* the defendant, *inter alia,* reiterated the argument that by narrowly limiting the sentencing court's discretion through limiting the defendant's right to present mitigating factors and through eliminating probation under certain circumstances, the Guidelines violate due process. The Fifth Circuit rejected this argument, reasoning as follows: "The Constitution does not require individualized sentences. Congress has the power to completely divest the courts of their sentencing discretion and to establish an exact, mandatory sentence for all offenses. If Congress can remove the sentencing discretion of the district courts, it certainly may guide that discretion through the [G]uidelines." (Citations omitted.)

We agree with the circuits which have held that no due process violation exists.

Initially, we emphasize that, contrary to appellant's argument, the Sentencing Reform Act and the Sentencing Guidelines do not prohibit the individualized determination of an appropriate sentence in all cases. A sentencing court may impose a sentence which deviates from the range prescribed by the Guidelines if it finds an aggravating or mitigating circumstance which the guidelines fail to take into account adequately. 18 U.S.C. § 3553(b); 28 U.S.C. § 991(b)(1)(B). *See, e.g., United States v. Correa–Vargas,* 860 F.2d 35 (2d Cir.1988). Indeed, the district court deviated from the range prescribed by the Guidelines in the instant case.

Nonetheless, the Act and Guidelines substantially circumscribe the discretion which sentencing courts formerly exercised. *Frank,* 864 F.2d at 1008. *See, e.g., United States v. Uca,* 867 F.2d 783 (3d Cir.1989).

> One of the purposes of the Sentencing Commission is to achieve a certain amount of uniformity, to provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

*Vizcaino,* at 53–54.

The degree to which the Act and the Guidelines fetter sentencing courts' discretion does not violate due process. *See Vizcaino,* at 56; *Frank,* 864 F.2d at 1009–10. In *United States v. Grayson,* 438 U.S. 41, 45–46, 98 S.Ct. 2610, 2613–14, 57 L.Ed.2d 582 (1978) (citations and footnote omitted), the Supreme Court commented as follows:

> In the early days of the Republic ... the period of incarceration was generally prescribed with specificity by the legislature. Each crime had its defined punishment. The 'excessive rigidity of the [mandatory or fixed sentence] system' soon gave way in some jurisdictions, however, to a scheme permitting the sentencing judge—or jury—to consider aggravating and mitigating circumstances surrounding an offense, and, on that basis, to select a sentence within a *range* defined by the legislature. Nevertheless, the focus remained on the crime: Each particular offense was to be punished in proportion to the social harm caused by it and according to the offender's culpability. The purpose of incarceration remained, primarily, retribution and punishment.

"Due process no more affords a defendant the right to contest Congress' evaluation of certain crime related factors, than it does to contest Congress' evaluation of the need for a specific sentence for certain crimes." *United States v. Landers,* 690 F.Supp. 615, 624 (W.D.Tenn.1988). In *Mistretta,* the Supreme Court stated that Congress has the power both to fix the sentence for a federal crime and to control the scope of judicial discretion with respect to a sentence. *Mistretta,* 109 S.Ct. at 650.

For the foregoing reasons, the district court's judgment is AFFIRMED in all respects.

MERRITT, Circuit Judge, concurring.

I concur in the result reached by the Court that the United States Sentencing Guidelines are not facially invalid under the due process clause, but I believe the Court's language is too broad. I conclude that the guidelines do not violate due process on the ground asserted by the defendant: that the guidelines on their face overly restrict the discretion of the sentencing judge.

The guidelines have broad departure principles. For example, the Commission Report says:

> The Commission intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the

norm, the court may consider whether a departure is warranted.

*United States Sentencing Commission Guidelines Manual,* § A4(b) at 1.6 (October 1987). The Commission then goes on to explain its reasoning:

> The Commission has adopted this departure policy for two reasons. First is the difficulty of foreseeing and capturing a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing judge....

*Id.* at 1.7. This reasoning has led the Commission in § 5K2.0 of its rules to say:

> Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline.... Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing.

*Id.* § 5K2.0 at 5.36 (June 15, 1988).

Because the current guidelines have these departure provisions allowing a broad range of discretion to the sentencing judge, I would decline to hold that the guidelines violate due process on the grounds asserted by defendant: namely, that they place rigid and arbitrary restrictions on the sentencing judge's authority to reach a just and fair sentence. District judges retain a wide range of discretion under the guidelines. The guidelines should be viewed as just that—"guidelines." They should not be viewed as mandatory sentencing rules. If the guidelines did not contain the departure provisions which leave broad discretion in the District Court, the due process question would be a much more difficult question for me. Because the guidelines do continue to vest broad discretion in the District Court as a result of the departure provisions, I do not believe we need reach the question whether the guidelines would be invalid under due process if there were no departure provisions.