888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
ROBERT JOHN TANNER Defendant-Appellant.
 No. 89-3212.
United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1989.
 
 Before KEITH, NATHANIEL R. JONES, and RALPH B. GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Robert John Tanner, pleaded guilty to one count of bank robbery, 18 U.S.C. Sec. 2113(a) and (d), and one count of using a firearm while committing a crime of violence, 18 U.S.C. Sec. 924(c).[1] The district judge sentenced Tanner to 204 months on the bank robbery count and a mandatory consecutive sixty months on the firearm count.
 
 
 2
 Tanner now appeals, and raises a number of challenges to the Sentencing Guidelines under which he was sentenced. Finding his contentions to be without merit, we affirm.
 
 I.
 
 3
 Based upon his past record, which Tanner does not dispute, he was determined to be a career criminal pursuant to Sentencing Guideline Sec. 4B1.1.[2] This section was enacted in the Guidelines as a result of the congressional mandate found at 28 U.S.C. Sec. 994(h), which reads:
 
 
 4
 The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--
 
 
 5
 (1) has been convicted of a felony that is--
 
 
 6
 (A) a crime of violence; or
 
 
 7
 (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); and
 
 
 8
 (2) has previously been convicted of two or more prior felonies, each of which is--
 
 
 9
 (A) a crime of violence; or
 
 
 10
 (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).
 
 
 11
 Tanner's underlying bank robbery offense carried a sentence of 25 years resulting in an offense level of 34. See supra note 2. Since the criminal history category was VI, the range of sentence should have been 262 to 327 months. Apparently, erroneously, the district court only imposed a sentence of 204 months for the bank robbery.[3] Notwithstanding this fact, Tanner argues that the Guidelines create a "status offense" of career criminal, and in doing so offend due process.[4] Although Tanner nowhere defines "status offense," it is apparent he is referring to the criminalization of certain conduct such as the Supreme Court dealt with in Robinson v. California, 370 U.S. 660 (1962). In Robinson, the Court struck down a California law that made it an offense to be a "narcotic addict." The Court found the statute to be violative of the eighth and fourteenth amendments. The rationale of the decision is set forth in the majority opinion in the following language:
 
 
 12
 In this Court counsel for the State recognized that narcotic addiction is an illness. Indeed, it is apparently an illness which may be contracted innocently or voluntarily. We hold that a state law which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the State or been guilty of an irregular behavior there, inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment.
 
 
 13
 Id. at 667 (footnotes omitted).
 
 
 14
 Contrary to Tanner's contention, he was not punished merely because he fit the definition of a "career criminal" but, rather, because of his specific criminal conduct coupled with his past criminal record. A "career criminal," unlike a narcotic addict, is not suffering from an illness. Furthermore, in Powell v. Texas, 392 U.S. 514 (1968), the Supreme Court indicated the limited reach and narrow scope of the decision in Robinson. In Powell, the defendant was convicted of being drunk in a public place. The defendant argued he was addicted to alcohol and thus should fall within the purview of Robinson. In rejecting this argument, the Court stated: "On its face, the present case does not fall within that holding [Robinson ], since appellant was convicted, not for being a chronic alcoholic, but for being in public while drunk on a particular occasion." 392 U.S. at 532. Similarly, here, the defendant was not punished simply because he fit the label of "career criminal" but, rather, because he had committed an armed bank robbery after having already been convicted of two previous crimes of violence. It is not surprising that defendant cites to no cases in support of his "status" argument since cases such as Robinson are so clearly limited to the punishment of involuntary conduct amounting to an illness.
 
 II.
 
 15
 Tanner next argues that due process is offended by limiting the nature of the challenge he can make to his sentence. Specifically, defendant argues that under the now repealed special dangerous offender statute, 18 U.S.C. Sec. 3575 (1982) (repealed 1984), the government had to prove by a preponderance of the evidence, after notice, that the defendant was "dangerous" and "special."
 
 
 16
 We are unable to follow this argument as applied to the facts of this case. Under the former special dangerous offender provision, the result of a finding by the court that a defendant was a special dangerous offender was an enhanced sentence above the statutory maximum for the underlying offense or offenses which were the subject of the principal prosecution. Congress replaced this system with one in which the Sentencing Commission was mandated to provide for penalties for career criminals "at or near the maximum term authorized." 28 U.S.C. Sec. 994(h). Tanner, like any other defendant being sentenced under the Guidelines, was provided with a copy of his presentence report and given full opportunity to contest any of the information contained therein, including the validity of his prior convictions.
 
 
 17
 Tanner also argues in this regard that although he fits the definition of career criminal, the trial judge still should have had the discretion to "individualize" his sentence, and that because the judge did not, due process was offended. We, along with many other circuits, already have addressed this "sentence discretion" argument and found it lacking. United States v. Allen, 873 F.2d 963 (6th Cir.1989).
 
 III.
 
 18
 Defendant also urges that his conviction and punishment for a violation of 18 U.S.C. Sec. 924(c) while at the same time being convicted and punished for a violation of 18 U.S.C. Sec. 2113(d) place him in double jeopardy in violation of the fifth amendment. Title 18, United States Code, section 2113(d) provides that:
 
 
 19
 Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 
 
 20
 Title 18, United States Code, section 924(c)(1) provides, in pertinent part:
 
 
 21
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 22
 It is thus clear that it was the intent of Congress to tack on an extra five years for an offense involving a firearm even if the underlying offense already provided for an enhanced penalty due to the use of a dangerous weapon in its commission. Defendant's reliance on Blockburger v. United States, 284 U.S. 299 (1932), is misplaced. As the Supreme Court stated in Albernaz v. United States, 450 U.S. 333 (1981): "The Blockburger test is a 'rule of statutory construction,' and because it serves as a means of discerning Congressional purpose, the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." 450 U.S. at 340. Albernaz goes on to state that, "[w]here Congress intended ... to impose multiple punishments, imposition of such sentences does not violate the Constitution." 450 U.S. at 344. It is thus clear that the sentences imposed here did not implicate the Constitutional protection against double jeopardy.[5]
 
 IV.
 
 23
 Tanner's final contention is that his sentence violated the eighth amendment proscription against cruel and unusual punishment because the sentence imposed was disproportionate to the crimes committed. In Solem v. Helm, 463 U.S. 277 (1983), the Supreme Court held that a criminal sentence should be proportionate to the crime for which the defendant was convicted. The Court set forth a three-pronged objective test for reviewing the proportionality of the sentence. We need not engage in applying this test to the facts of this case. In Chandler v. Jones, 813 F.2d 773 (6th Cir.1987), a case involving a proportionality argument, we concluded that the holding of Solem was limited to extreme cases where, as in Solem, a defendant faces life imprisonment without any possibility of parole. When lesser sentences are involved, we held that Rummel v. Estelle, 445 U.S. 263 (1980), would control. In Rummel, the Court upheld the constitutionality of a Texas habitual offender statute, specifically finding that the defendant's life sentence, with the possibility of parole after twelve years, imposed after a third non-violent felony conviction, did not constitute cruel and unusual punishment under the eighth amendment.
 
 
 24
 In the case at bar, the defendant went on an armed bank robbing spree and had two prior violent felony convictions. Under such circumstances, a sentence of twenty-two years does not require a Solem analysis.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 Tanner was indicted on three counts of bank robbery, three counts of using a firearm in relation to a crime of violence, and four counts of possession of a firearm by a convicted felon, 18 U.S.C. Sec. 922(g)
 
 
 [2]
 Section 4B1.1 of the United States Sentencing Commission Guidelines Manual (Jan. 15, 1988), reads as follows:
 Career Offender
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.
 Offense Statutory Maximum Offense Level
(A) Life 37
(B) 25 years or more 34
(C) 20 years or more, but less than 25 years 32
(D) 15 years or more, but less than 20 years 29
(E) 10 years or more, but less than 15 years 24
(F) 5 years or more, but less than 10 years 17
(G) More than 1 year, but less than 5 years 12
 
 
 [3]
 The government has not filed a cross-appeal from the sentence imposed
 
 
 [4]
 In United States v. Allen, 873 F.2d 963 (6th Cir.1989), we upheld the Sentencing Guidelines in the face of a due process challenge. However, due process is a broad term, and the only due process argument we dealt with in Allen was the contention that the Guidelines unduly restricted the discretion of the sentencing judge
 
 
 [5]
 Other circuits have considered this precise issue and rejected the arguments advanced here by the defendant. See, e.g., United States v. Browne, 829 F.2d 760, 767 (9th Cir.1987), cert. denied, 108 S.Ct. 1298 (1988)