891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky WILSON, Defendant-Appellant.
 No. 89-3360.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Ricky Wilson was indicted on three counts of armed bank robbery and one count of unarmed bank robbery. A court-ordered mental examination suggested that Mr. Wilson suffered from a mental disease that made it impossible for him to assist in his own defense. After treatment, however, he was cleared to stand trial. Mr. Wilson then pleaded guilty to the unarmed bank robbery count, pursuant to a plea agreement, and the government recommended a downward departure from the sentencing guidelines based on diminished mental capacity.
 
 
 2
 Refusing to grant a departure, the district court imposed a sentence of 20 years--the maximum allowed under 18 U.S.C. § 2113(a). On appeal, Mr. Wilson contends that his right to due process of law was denied by the court's failure to take his mental illness into account. Finding no constitutional violation and no other basis for requiring a resentencing, we shall affirm the sentence imposed by the district court.
 
 
 3
 The court determined that Mr. Wilson was a "career offender" within the meaning of § 4B1.1 of the guidelines. This placed him in Criminal History Category VI, with a base offense level of 32. The guideline range for that offense level is 210 to 262 months' imprisonment, but the statutory maximum, as noted above, is imprisonment for 240 months.
 
 
 4
 Section 5K2.13 of the sentencing guidelines provides as follows:
 
 
 5
 "If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public." (Emphasis supplied.)
 
 
 6
 Because the district court was unwilling to treat Mr. Wilson's crime as "non-violent," and because his past criminal history (which included a number of offenses involving weapons) was thought to indicate a need for incarceration to protect the public, the court did not believe a lower sentence was warranted.
 
 
 7
 A district judge must impose a sentence within the guideline range unless the case presents factors that were not considered by the Sentencing Commission. 18 U.S.C. § 3553(b). As we have seen, the guidelines expressly address the factor of reduced mental capacity; they permit a lessened sentence on this account where the crime was non-violent and where the defendant poses no public safety threat. In this case, the trial judge determined that the crime was violent in nature and that the defendant's past criminal record indicated a public safety threat. Insofar as these are findings of fact, we may not reverse absent clear error. United States v. Perez, 871 F.2d 45 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989); 18 U.S.C. § 3742(d). No such error is evident with respect to the determination of a public safety threat, and we need not reach the violent crime question. Given the district court's unassailable finding of a need to protect the public, no departure from the guideline range was warranted.
 
 
 8
 Congress unquestionably has the right to determine sentence levels, and the Due Process Clause is not offended when it does so. As we stated in United States v. Allen, 873 F.2d 963, 966 (6th Cir.1989):
 
 
 9
 " 'Due process no more affords a defendant the right to contest Congress' evaluation of certain crime related factors than it does to contest Congress' evaluation of the need for a specific sentence for certain crimes.' United States v. Landers, 690 F.Supp. 615, 624 (W.D.Tenn.1988) [app. dismissed, 856 F.2d 196 (6th Cir.1988) ]. In Mistretta [v. United States, 109 S.Ct. 647, 650 (1989) ], the Supreme Court stated that Congress has the power both to fix the sentence for a federal crime and to control the scope of judicial discretion with respect to a sentence."
 
 
 10
 The sentence is AFFIRMED.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Court for the Eastern District of Michigan, sitting by designation