897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul STEIN, Defendant-Appellant.
 No. 89-5761.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Paul Stein appeals his sentence following his jury conviction for importing and possessing cocaine with intent to distribute. For the following reasons, we affirm.
 
 I.
 
 2
 On March 10, 1988, the Federal Grand Jury for the Western District of Tennessee returned a two-count indictment charging Stein with knowingly importing approximately five and one-half ounces of cocaine into the United States in violation of 21 U.S.C. Sec. 952(a) (1982), and with possessing cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). After a two-day jury trial, Stein was found guilty on both counts. On July 15, 1988, Stein appeared before Judge Julia Smith Gibbons for sentencing. Because Judge Gibbons had previously declared in United States v. Thomas, 699 F.Supp. 147 (W.D.Tenn.1988) (decided on June 7, 1988) that the Sentencing Guidelines were unconstitutional, she issued two sentences to Stein: one imposed under the law prior to November 1, 1987; and one imposed under the Sentencing Guidelines. Under prior law, the court sentenced Stein to a three year probationary period under count one, and two years incarceration, followed by both a parole term of three years under count two. Under the Sentencing Guidelines, the court sentenced Stein to 30 months incarceration, to be followed by a three year period of supervised release.
 
 
 3
 At the sentencing hearing, Judge Gibbons explained the procedure to be used for sentencing to Stein. The court noted that although it found the Sentencing Guidelines to be unconstitutional, the ultimate responsibility for determining the constitutionality of the Guidelines fell upon the Supreme Court. The court continued:
 
 
 4
 The defendant will begin to serve the sentence imposed under prior law, and the judgment and commitment order will reflect this sentence. If the Act is ultimately found to be constitutional, the guidelines sentence will take effect at that time, and a new judgment and commitment order will be entered.
 
 
 5
 J.App. at 26-27.
 
 
 6
 After the Supreme Court found the Sentencing Guidelines to be constitutional in United States v. Mistretta, 109 S.Ct. 647 (1989), the district court decided to resentence Stein. On May 2, 1989, the court advised Stein of the resentencing. However, Stein waived his appearance at resentencing. On May 26, 1989, the court imposed a revised sentence of 30 months incarceration, pursuant to the Sentencing Guidelines.
 
 II.
 A.
 
 7
 Stein first contends that the new sentence and commitment order violated Fed.R.Crim.P. 43, which states that defendants should be present at all phases of their trial, including sentencing. However, Rule 43(b)(1) states that the defendant's voluntary absence from the proceedings is considered a waiver of attendance. Because Stein voluntarily refused to attend the second sentencing hearing, we find no violation.
 
 B.
 
 8
 Stein also argues that the district court issued an advisory opinion in violation of Article III of the United States Constitution when it imposed two alternative sentences. He contends that since the district court had already decided in Thomas that the Guidelines were unconstitutional, there was no longer a "case or controversy" on July 15, 1988, when the initial sentencing occurred.
 
 
 9
 We conclude that the district court's two-track sentencing procedure did not violate Article III of the Constitution. In Thomas, although the court declared the Guidelines unconstitutional, it proposed a two track sentencing procedure to serve two goals: to avoid disruption for the prison system and the courts if the Guidelines were later upheld; and to protect the defendant's legitimate expectation of finality in the severity of a sentence. 699 F.Supp. at 152. The court noted that the challenges to the Guidelines were being litigated in federal courts around the country, with the same arguments being presented to each court. In fact, the Supreme Court granted certiorari in Mistretta on June 13, 1988. Thus, at the time of Stein's sentencing, on July 15, 1988, the district court knew that the Supreme Court would decide the constitutionality of the Act. As such, a case or controversy still existed concerning the constitutionality of the Guidelines.
 
 C.
 
 10
 Stein presents two due process challenges. First, he contends that the Guidelines violate a defendant's due process right to an individualized sentence by eliminating the traditional judicial function of imposing sentences according to the facts of each case. However, this circuit has already rejected this due process challenge to the Guidelines on two grounds: the district courts are left with some discretion as to the imposition of a sentence through acceptance of plea bargains, adjustments of the base level, and departures from the Guidelines; and there is no constitutional guarantee of individualized sentencing in non-capital cases. United States v. Allen, 873 F.2d 963 (6th Cir.1989) (upholding the Guidelines against a similar due process challenge); see also United States v. Brittman, 872 F.2d 827, 828 (8th Cir.1989), cert. denied, 110 S.Ct 154 (1989) (same).
 
 
 11
 Second, Stein attacks the two-track sentencing procedure as violative of his due process rights. We reject this argument as well. In United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989), this court upheld a dual-track sentence imposed by Judge Gibbons:
 
 
 12
 We hold that the dual sentencing procedure employed by the court was neither unconstitutional nor an abuse of discretion. The court's recitations that the sentence, which was correct under the Guidelines, was also imposed under prior law, merely assured that Appellant would not have to be resentenced in the future if the court's opinion as to the constitutionality of the Guidelines had proved correct. If the court had sentenced Appellant to a longer term of incarceration, within 21 U.S.C. Sec. 841, up to the statutory maximum of life imprisonment, she would have been required to conduct a post-Mistretta sentencing to comport with the Guidelines.
 
 
 13
 The instant case differs from Draper to the extent that the sentence actually increased under the Guidelines from 24 months to 30 months incarceration. Though Judge Gibbons held a post-Mistretta hearing for the second sentencing, the instant case poses the additional question of whether the increase in Stein's sentence while Stein was in the middle of serving his sentence was constitutional.
 
 
 14
 We hold that the increase in Stein's sentence is constitutional. In Gauntlett v. Kelley, 849 F.2d 213, 218-19 (6th Cir.1988), this court stated that a defendant that is aware of the possibility of a higher sentence does not have a "reasonable expectation of finality." Where the defendant does not have such a legitimate expectation, "then a court may permissibly increase the sentence." United States v. Fogel, 829 F.2d 77, 87 (D.C.Cir.1987). In the instant case, Stein was aware that if the Guidelines were found to be constitutional, he would be subject to a harsher sentence. As such, the increase in Stein's sentence was constitutional.
 
 III.
 
 15
 For the foregoing reasons, we AFFIRM the district court's sentence.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief District Judge for the Western District of Michigan, sitting by designation