940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommie L. WHITCHARD and Dathmus Lane, Defendants-Appellants.
 Nos. 90-6352, 90-6354.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal from their convictions and sentences after a jury found them guilty of a variety of narcotics offenses involving the possession and distribution of crack cocaine.[1] On appeal each defendant raises the same two issues: (1) a mistrial should have been granted because the jury saw them being brought into the courtroom in handcuffs, and (2) the court erred in sentencing by not making a downward departure from the Guidelines.[2] Finding these claims of error lacking in merit, we affirm.
 
 I.
 
 2
 The issues raised by the defendants do not require a detailing of the facts leading to their arrest and the evidence produced against them at trial. Suffice it to say, that the evidence of their guilt was overwhelming. It included testimony by undercover agents, cooperating defendants, and surreptitiously recorded statements from the defendants themselves. The strength of the government's case is relevant to the issue of whether the court should have granted a mistrial after the defendants were seen in handcuffs by the jury.[3] The incident involving the handcuffs was brief and isolated and resulted from a simple bit of carelessness on the part of the marshal in bringing the defendants into the courtroom on one occasion during the trial. There is no dispute that the defendants appropriately were handcuffed as they presented a security and flight risk. The judge, by agreement of the parties gave a curative instruction.
 
 
 3
 Although care should be taken to avoid incidents of this nature, we see nothing requiring a mistrial in what occurred here. The trial was already in progress, the defendants had been identified, and there is no indication that any juror found anything unusual about defendants in a trial of this nature being led to and from the courtroom in handcuffs. Much of the jurisprudence, which has condemned jurors seeing shackled prisoners, involves cases in which the prisoners were shackled in the courtroom throughout the trial. The effect that this might have on a jury is obviously different in both degree and kind from the isolated occurrence here. In Kennedy v. Cardwell, 487 F.2d 101 (6th Cir.1973), cert. denied, 416 U.S. 959 (1974), we stated in discussing the issue of shackled defendants: "The majority of cases, if read literally, state that such a brief and fortuitous incident is not prejudicial and requires an affirmative showing of prejudice by the defendant." Id. at 109 (footnote omitted). Defendants have shown no prejudice here and indeed would not be able to against the backdrop of the damning evidence presented against them at trial.
 
 II.
 
 4
 Defendants' arguments relative to their sentences can be summarized as follows: Because of previous felony convictions, both defendants qualified under the Guidelines as "career criminals." This resulted in a properly computed sentencing range of 360 months to life. A 360-month sentence was imposed on each defendant. There is no challenge to the computations by which this sentence was reached. The defendants argue, however, that the sentences were disproportionate to the crime and thus resulted in "cruel and unusual punishment" in violation of the eighth amendment.[4] They also argue that the sentencing judge was mandated to impose this sentence even though he expressed an opinion that it was severe and that this lack of discretion afforded the trial judge resulted in a deprivation of their due process rights. Although these arguments have been previously considered and rejected by this court, we need not review these earlier cases because the Supreme Court has just revisited this area of the law.
 
 
 5
 In Harmelin v. Michigan, 59 U.S.L.W. 4839 (U.S. June 27, 1991), the Supreme Court concluded that if a proportionality requirement exists at all under the eighth amendment, it is limited to capital cases or those cases in which an "extreme sentence" was "grossly disproportionate" to the crime. Both "extreme sentence" and "grossly disproportionate" are terms of art, and without attempting to set forth the definitions, it is clear that the sentences meted out here would not qualify. In Harmelin, for example, the Court upheld a mandatory sentence without possibility of parole for a defendant convicted of 672 grams of cocaine. Although the opinion in Harmelin takes some parsing, since several justices wrote concurring or dissenting opinions, it is apparent that a clear majority of the court would find no constitutional problem with a mandatory 30-year sentence being imposed on defendants with prior multiple felony convictions who were dealing extensively in crack cocaine.
 
 
 6
 Harmelin is also relevant in that it dealt with the issue of a sentence that was mandatory--so the sentencing judge had no discretion as was the case here. The Court stated:
 
 
 7
 It is beyond question that the legislature "has the power to define criminal punishments without giving the courts any sentencing discretion," Chapman v. United States, 500 U.S. ----, ---- (1991) (slip op., at 13).... We have never invalidated a penalty mandated by a legislature based only on the length of sentence....
 
 
 8
 59 U.S.L.W. at 4852 (Kennedy, J., concurring). Insofar as defendants argue that this is a Sentencing Commission mandated sentence and not a legislatively mandated sentence, we have previously approved of the delegation of this authority by Congress to the Sentencing Commission. United States v. Allen, 873 F.2d 963 (6th Cir.1989).[5] We have also upheld the mandatory requirement of imposing a sentence of not less than 360 months under circumstances similar to those here. United States v. Hayes, 899 F.2d 515 (6th Cir.), cert. denied, 111 S.Ct. 385 (1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The defendants were indicted in an 11-count indictment, although individually they each were charged with only seven offenses. The jury found them guilty of each offense with which they were charged
 
 
 [2]
 In support of these claims, the defendants make identical arguments and, in fact, filed identical briefs
 
 
 [3]
 It is not clear whether all the jurors saw the defendants in handcuffs, but for the purpose of discussing this issue we will assume they did
 
 
 [4]
 Another component of the defendants' "proportionality" argument was the fact that others similarly involved in a state prosecution received only eight-year sentences after pleading guilty
 
 
 [5]
 We also note that 28 U.S.C. Sec. 994(h) mandates that "career" offenders, receive a sentence of imprisonment "at or near the maximum term authorized." The defendants here meet the congressional definition of career offenders