43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chester Wheeler CAMPBELL, Defendant-Appellant.
 No. 94-1728.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1994.
 
 E.D.Mich., No. 75-80435; Robert E. DeMasco, Judge.
 E.D.Mich.
 AFFIRMED.
 BEFORE: BROWN, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Chester Wheeler Campbell appeals a district court judgment denying his petition for a writ of error coram nobis. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a letter to the district court dated March 22, 1993, Campbell sought to challenge the validity of his 1976 conviction for six firearm offenses. Campbell claimed that his conviction was invalid because he was tried in absentia. A magistrate judge recommended that Campbell's letter be treated as a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 and that the motion be summarily dismissed. Upon de novo review, the district court instead construed Campbell's letter as a petition for a writ of error coram nobis (because Campbell had already served the sentence he challenges), and denied the petition. Campbell appeals from that judgment. In his timely appeal, Campbell reasserts that his 1976 conviction is invalid. He moves to remand the case to the district court, moves for the appointment of counsel, and petitions the court for an en banc hearing.
 
 
 3
 The court's scope of review of the challenged judgment on a petition for writ of error coram nobis is limited. Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). Under the court's coram nobis review the court reviews errors of fact committed in the original proceeding which are "of the most fundamental character," such as those that would render the proceeding invalid. Id. This extraordinary writ may issue if the petitioner demonstrates: 1) an error of fact, 2) unknown at the time of trial, and 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. Id. Campbell is entitled to a hearing to present his evidence unless his assertions are so "palpably incredible" or "patently frivolous or false" that summary dismissal is warranted. Id. at 1092 (quoting Blackledge v. Allison, 431 U.S. 6 (1977)).
 
 
 4
 Upon review, we conclude that the district court properly denied Campbell's petition because Campbell failed to establish an error of fact unknown at the time of the trial, and he did not establish that ignorance of that fact resulted in a fundamentally unjust proceeding. Campbell asserts two errors of fact. First, he claims that he did not knowingly and intelligently waive his right to attend his trial. Second, he claims he was not asked each day whether the wanted to attend his trial, contrary to the court's order.
 
 
 5
 A prisoner may validly waive his right to be present at trial if the decision is knowing and intelligent. See United States v. Gordon, 829 F.2d 119, 125 (D.C.Cir.1987); United States v. Stein, No. 89-5761, 1990 WL 20841, at * * 1 (6th Cir. March 7, 1990) (per curiam). Moreover, Fed.R.Crim.P. 43 has a protective scope broader than a defendant's constitutional right to be present at all stages of trial. See Gordon, 829 F.2d at 125. Indeed, Rule 43(b)(1) allows a trial to proceed only if the defendant, initially present in court, voluntarily absents himself after the trial has commenced.
 
 
 6
 Campbell unequivocally demanded to be removed from the courtroom and be taken back to prison. The district court directly addressed Campbell, in open court and on the record, and warned him that by being absent he would be giving up constitutional rights enumerated by the district court. This admonishment was repeated several times. Campbell, nevertheless, affirmatively reasserted his demand to be taken back to prison. Campbell also unequivocally dismissed his retained counsel and instructed counsel not to participate in the trial in any way. The district court encouraged Campbell to participate in the trial with counsel, as his own attorney, or to represent himself with counsel assisting. Campbell adamently refused. The district court concluded that Campbell waived his right to be present at trial and ordered the marshal to ask Campbell every day whether he wished to appear at the following day's session.
 
 
 7
 Campbell alleges that the marshal did not comply with the court's order to inquire daily whether he had changed his mind and wanted to attend the next day's trial session. Compliance with the district court's order may be presumed, absent evidence to the contrary. See United States v. Morgan, 346 U.S. 502, 512 (1954). Campbell failed to meet his burden of showing to the contrary, and our review of the record in fact contradicts Campbell's assertion. The record contains two contemporaneous memoranda in which the marshal's office and prison officials coordinated their efforts to comply with the court's order. In the memorandum prepared by a prison official, arrangements were documented whereby Campbell was asked each day whether he wished to attend the next day of his trial. In light of the contemporaneous memoranda, Campbell failed to meet his burden of proof and the district court did not err by denying Campbell's petition.
 
 
 8
 Accordingly, Campbell's motion for appointment of counsel, motion to remand, and the petition for an en banc hearing are denied. The district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.