**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Franklin Delano JOAN,**
**Defendant–Appellant.**

**No. 88–3857.**

United States Court of Appeals,
Sixth Circuit.

Submitted June 16, 1989.

Decided Aug. 25, 1989.

Gregory G. Lockhart, Office of the U.S. Atty., Columbus, Ohio, for plaintiff-appellee.

Steven R. Keller, Columbus, Ohio, for defendant-appellant.

Before: KEITH and WELLFORD, Circuit Judges; and GILMORE, District Judge.*

GILMORE, District Judge:

The issue in this case is whether the sentencing judge's upward departure from the Sentencing Guidelines was justified. We find that it was, and affirm.

## I

On February 18, 1988, a Grand Jury for the Southern District of Ohio at Columbus returned a ten-count indictment against Franklin Delano Joan, Gary Cabble Willis, and Gayle Cordell. Count 1 charged the appellant with conspiracy to possess with intent to distribute marijuana; Count 2 charged possession with intent to distribute marijuana; Counts 3, 4, 5, 6 and 7 charged that, on several dates, Appellant used a telephone to facilitate the unlawful distribution of marijuana, Count 8 charged that Appellant knowingly used a firearm in relation to a drug trafficking crime; and Count 10 charged Appellant with being a felon in possession of a firearm.

On June 8, 1988, Appellant pled guilty to Counts 2, 3 and 10 of the indictment, pursuant to a written plea agreement entered into under Rule 11(e) of the Federal Rules of Criminal Procedure.[1]

A presentence investigation was completed for Appellant, which placed him at an offense level of 18 under the Sentencing Guidelines, with a criminal history category of VI. At these levels, the Sentencing Guidelines provided for a sentence between the range of 57 to 71 months.

On September 8, 1988, Appellant was sentenced to 120 months imprisonment, which was an upward departure from the Sentencing Guidelines, calculated under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*

In justifying the departure, the trial court stated:

The Court finds that there exists aggravating circumstances to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. All of the guidelines have a career offender offense level that was applied to the defendant's case herein and does not raise the offense level beyond 18 ... Therefore, the defendant's criminal history is absorbed, in a sense, in the other offense level computation. Therefore, the Court feels that the criminal history category is inadequate when applied to this particular case.

Appellant argues that the sentence imposed by the trial judge was beyond his authority, and that the upward departure was not justified because the Federal Sentencing Guidelines had adequately considered and punished Appellant for aggravating factors. He claims the District Court did not base the departure upon factors present in the instant offense, but on Appellant's prior conduct, which had already resulted in an increase of the potential sentence, in view of the fact he was given a criminal history category of VI.

The Government, on the other hand, argues the departure was justified because the defendant had an ongoing criminal involvement regarding marijuana distribution that he refused to discuss with the Probation Department; that he had been stopped in 1986 travelling through a source state for marijuana distribution that he refused to discuss with the Probation Department; that he had been stopped in 1986 travelling through a source state for marijuana (Mexico) with more than $47,000 in his possession, and a small amount of marijuana; and that, as a result of the plea agreement entered into in this case, defendant avoided

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Rule 11 plea agreement did not limit in any way the amount of time to which the trial judge could sentence defendant.

a potential sentence of 270 to 322 months of incarceration.

## II

Title II of the Comprehensive Crime Control Act of 1984, known as the Sentencing Reform Act of 1984, P.L. No. 98–473, 98 Stat.1987, 18 U.S.C. § 3551, *et seq.*, effected a major revision of sentencing in federal courts. The text of the law and the legislative history make clear that its principal purpose was to eliminate unwarranted disparities in sentencing, both by assuring, insofar as practicable, that similarly situated individuals convicted of the same crime receive approximately the same sentence, and to assure that similar crimes are treated similarly for sentencing purposes even though they arise under different provisions of the U.S.Code.

Title 18 U.S.C. § 3553(a) lists the factors to be considered by the court in imposing a sentence, and 18 U.S.C. § 3553(b) provides for departure from the Guidelines.

Title 18 U.S.C. § 3553(b) states, in part: The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.

The Sentencing Guidelines Manual further expands on when the guidelines are inappropriate:

Where the applicable guidelines, specific offense characteristics, and adjustments do take into consideration a factor listed in this part, departure from the guideline is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction.

*United States Sentencing Commission Guidelines Manual,* (Manual) § 5K2.0 at 5.36 (rev. ed. 1988).

A guideline sentence on appeal is governed by 18 U.S.C. § 3742(e), which provides:

(e) Consideration. Upon review of the record, the court of appeals shall determine whether the sentence—

3. is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of § 3553(c).

This Court previously has not decided the specific issue before us—the standards to be applied in making an upward departure from Sentencing Guidelines by the sentencing judge. However, the Court recently held that the Sentencing Guidelines themselves are not a violation of due process. *See United States v. Allen,* 873 F.2d 963 (6th Cir.1989). In *Allen,* the court recognized that the Act and the Guidelines "substantially circumscribe the discretion which sentencing courts formerly exercised," but that "[t]he degree to which the Act and the Guidelines fetter sentencing courts' discretion does not violate due process." 873 F.2d at 966. *See also Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647; 102 L.Ed.2d 714 (1989). In his concurring opinion in *Allen,* Judge Merritt stated that one of the main reasons he was concurring was because the current guidelines have departure provisions that allow a broad range of discretion to the sentencing judge. *Id.* at 967.

In *United States v. Diaz–Villafane,* 874 F.2d 43 (1st Cir.1989) the court upheld a substantial departure where the defendant was sentenced to ten years imprisonment instead of the 27–33 months indicated by

the guidelines.[2] In *Diaz–Villafane*, the First Circuit provided a three-step test for reviewing sentences that depart from the guidelines:

First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.

Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error. *See* 18 U.S.C. § 3742(d).

Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. 18 U.S.C. § 3742(e)(2); *see also U.S. v. Mejia–Orosco*, 867 F.2d 216, 218 (5th Cir.1989) (distinguishing between standard of review for sentences within and without Guidelines); *United States v. Sturgis*, 869 F.2d 54, 56–57 (2d Cir.1989) ("scope of review on appeal is limited to deciding whether a sentence imposed outside the guideline range is 'unreasonable' "); *United States v. Ryan*, 866 F.2d 604, 609–10 (3d Cir.1989) (similar). In this context, reasonableness is determined with due regard for "the factors to be considered in imposing a sentence," generally, and "the reasons

for the imposition of the particular sentence, as stated by the district court...." 18 U.S.C. § 3742(d)(3).

This third step involves what is quintessentially a judgment call. District courts are in the front lines, sentencing flesh-and-blood defendants. The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record. Therefore, appellate review must occur with full awareness of, and respect for, the trier's superior "feel" for the case. We will not lightly disturb decisions to depart, or not, or related decisions implicating degrees of departure.

874 F.2d at 49.[3] (footnote omitted).

■■■ This court adopts the First Circuit's three-step analysis. It appears to us that it is a highly intelligent, thoughtful exposition of the basis for departure. Applying this test to the facts here, it is clear that the departure was justified.

The first step is a question of law regarding whether the circumstances of the case are sufficiently unusual to justify departure. Step two involves a determination as to whether there is an actual factual basis justifying the departure. Here, the standard is whether the determination made involves clear error.

The Sentencing Commission has indicated that:

If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

---

**2.** It should be noted that Judge Breyer, who sat on the *Diaz–Villafane* case, was, and is, a member of the Sentencing Commission.

**3.** Other cases that have considered upward departure from the Guidelines are *United States v. Velasquez–Mercado*, 872 F.2d 632 (5th Cir.1989) (upward departure warranted where defendant organized scheme to transfer large numbers of illegal aliens, molested women passengers, and attempted to evade authorities in a high-speed chase); *United States v. Lopez*, 871 F.2d 513 (5th

Cir.1989); *United States v. Uca*, 867 F.2d 783 (3d Cir.1989) (upward departure not warranted merely because the two defendants' sentences for conspiring to commit federal and firearms offenses involve the attempted purchase of 50 untraceable guns for anticipated sale abroad; *United States v. Ryan*, 866 F.2d 604 (3d Cir. 1989); *United States v. Cervantes*, 878 F.2d 50 (2nd Cir.1989); *United States v. Michel*, 876 F.2d 784 (9th Cir.1989).

Such information may include, but is not limited to, information concerning:

\*   \*   \*   \*   \*   \*

(e) Prior similar adult criminal conduct not resulting in a criminal conviction.

*Manual* § 4A1.3 at 4.8–4.9.

Further, the Commission has specifically stated that "there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted." *See, Manual* § 4A1.3, at 4.9. Adequacy of Criminal History Category (Policy Statement).

The district court reviewed defendant's adult criminal convictions and found:

The defendant was charged with two counts of aggravated robbery and one count of kidnapping, pleaded guilty to one count. The facts indicate a violent, dangerous drug store robbery with hand guns and the restraint of an employee. He was released after serving only 3 years. See paragraph 47.

The defendant was charged with aggravated trafficking and having weapons under a disability, pleaded guilty to aggravated trafficking, a third degree felony. The facts indicate he was carrying a .44 Magnum at the time of the transaction involving some 30 thousand dollars. He was released after serving only 2 years and 5 months.

This Court is considering the defendant's violent, dangerous criminal history and the lenient treatment from the incarceration standpoint that defendant received as a result of his convictions.

In addition to defendant's criminal history, the district court relied on § 5K2.14, which states:

If national security, public health, or safety was significantly endangered, the court may increase the sentence above the guideline range to reflect the nature and circumstances of the offense.

*Manual* § 5K2.14 at 5.40.

The trial court stated:

His record of violating probationary requirements and continuing in his violent behavior against victims, women in particular, indicate the failure of prior punitive and rehabilitative measures. The defendant's primary livelihood and purpose in life is that of a gun-toting drug dealer who fits the classic profile of a career recidivist criminal in our society. The defendant has and will continue to pose a serious threat to the safety of whatever community he is in.

As departure issues are at the discretion of the Court, I have considered the United States Sentencing Commission Policy Statement under 5K2.14. This defendant is a threat to the public welfare and safety by virtue of his conduct in this offense as well as demonstrated by his prior record.

Therefore, as Mr. Joan's history of conduct differs significantly from the norm, departure from the sentencing guidelines is warranted to increase the amount of incarceration and thereby increase the protection of the public.

It is the finding of this Court that the offense level be and hereby is increased to level 24 with the criminal history category remaining at 6. This calls for a sentencing guideline range of 100 to 125 months. Franklin D. Joan be, and he is hereby committed to the custody of the Attorney General of the United States, or his authorized representative, for imprisonment for a period of 120 months on the cumulated counts of this indictment. In addition to that, he is to pay a 150 dollar special assessment. As he is not able to pay a fine financially, no fine will be levied. He will be subject to 5 years supervised release.

Clearly, this defendant's criminal history was sufficiently unusual to justify, factually and legally, the district court's upward departure.

The third step is that, once the Court has assured itself that the sentencing court

considered circumstances appropriate to the departure, the degree of departure must be measured by a standard of reasonableness on appeal. Necessarily, the trial judge's determination must be given great deference, and, unless there is little or no basis for the trial court's action in departing, it must be upheld, provided the trial court has recognized that departure is the exception, and has adequately articulated its reasons for departure. Trial judges are on the front line dealing with real live defendants, and are in a far better position than appellate courts to determine the circumstances justifying an upward departure.

 In determining reasonableness, the court should consider many of the factors already alluded to: namely, the seriousness of defendant's past criminal conduct; the likeliness of recidivism; prior similar adult conduct not resulting in criminal convictions; previous lenient sentences for serious offenses; and whether the sentence will have deterrence on future criminal conduct. The court may also consider items such as the necessity of isolating defendant from the community, and the length of time necessary to achieve rehabilitation, if rehabilitation is possible.

Reasonableness is a flexible standard. The court must act in a rational and just way in an effort to vindicate one of the major purposes of the criminal law—deterrence, punishment, isolation, rehabilitation, or retribution.

Whether the action is reasonable in departing after the first two determinations have been made is a matter that will have to be judged by the facts of each particular case. It is clear here, however, that the departure was reasonable. The court had both a factual and legal basis for departure, and the sentence imposed was reasonable and appropriate, considering all of the circumstances.

In conclusion, under the three-prong test, the trial court was justified in its departure as a matter of law.

As the First Circuit stated in *Diaz–Villa-fane:*

Although "there appears to be some inherent tension in the guidelines themselves as to the extent to which departure is permissible," we read the Guidelines as envisioning considerable discretion in departure decisions, at least at this early stage of their existence.... Although we are cognizant that departures should be the exception rather than the rule, ... we must nonetheless defer, within broad limits, to the trial judge's ultimate familiarity with the nuances of a given case.

874 F.2d at 52 (citations omitted).

Here, the sentencing court's departure was warranted, and the judgment is affirmed.