895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard J. ELMENDORF, Defendant-Appellant.
 Nos. 89-3540, 89-3541, 89-3542, 89-3543, and 89-3544.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 Before BOYCE F. MARTIN, Jr., and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr. Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Elmendorf appeals from the district court's upward departure from the sentencing guidelines. The district court based its upward departure on grounds that the defendant's criminal history category did not adequately reflect the seriousness of his prior record and the likelihood of his continuing to commit serious felony offenses. The district court pointed to the threat to society that the defendant posed. Because we find the departure was reasonable, we affirm.
 
 
 2
 Defendant was indicted in Ohio for one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a), two other counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), and two counts of carrying a firearm in a crime of violence in violation of 18 U.S.C. Sec. 924(c). Pursuant to a plea agreement, Elmendorf filed a guilty plea to the two counts of armed bank robbery. The remaining counts of the indictment were dismissed.
 
 
 3
 Approximately a month later a federal grand jury in Lexington, Kentucky indicted the defendant of armed bank robbery in violation of 18 U.S.C. 2113(a) and (d). The case was subsequently transferred to the Southern District of Ohio where the defendant pled guilty to the charge in the indictment.
 
 
 4
 Still later, the United States Attorney in Colorado and in Michigan, through information and an indictment charged the defendant with each bank robbery, one an armed bank robbery charge. The cases were subsequently also transferred to the Southern District of Ohio and the defendant plead guilty to these charges.
 
 
 5
 Finally, the U.S. Attorney in California filed an information charging the defendant with one count of bank robbery in violation of 18 U.S.C. 2113(a). The defendant also filed a guilty plea to this charge. On June 8, 1989, the district court judge in respect to all these various indictments and charges sentenced the defendant to terms of twenty years on each of the armed bank robbery convictions, to be served concurrently with terms of fifteen years each on the other bank robbery convictions. Defendant filed his notices of appeal in all five cases, which have been consolidated for purposes of this appeal.
 
 
 6
 The probation officer in the presentence report determined that the appropriate offense level for the offenses was twenty-five and the criminal history category was VI, which placed defendant in a sentencing range of 110 to 137 months. Neither party disputes this sentencing range. At the sentencing hearing, however, the district court judge effectuated an upward departure and sentenced the defendant to twenty years of imprisonment for the five bank robbery convictions.
 
 
 7
 In justifying its upward departure, the district court went through a lengthy recitation of the reasons that it felt inclined to depart. The court first stated that the appellant had approximately twenty-five or twenty-six felony convictions in the past:
 
 
 8
 In addition, there are two pending, apparently similar offenses or charges, [bank robberies] one in the state of Indiana, one in the state of Nevada. I cannot escape the fact that in this case my primary responsibility is to protect the public from future acts such as this on the part of your client.
 
 
 9
 The court also noted that defendant was a "dangerous person insofar as the public is concerned." The court found that the appellant's criminal history category did not "adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, and in [the court's] opinion the criminal history does not adequately reflect either factor."
 
 
 10
 In determining whether a departure was reasonable, we have adopted a three part-test when reviewing sentences that depart from the guidelines:
 
 
 11
 First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.
 
 
 12
 Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error. See 18 U.S.C. Sec. 3742(d).
 
 
 13
 Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. In this context, reasonableness is determined with due regard for "factors to be considered in imposing a sentence," generally, and "the reasons for the imposition of the particular sentence, as stated by the district court...." 18 U.S.C. Sec. 3742(d)(3).
 
 
 14
 United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989) (quoting United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.1989) (citations omitted) ).
 
 
 15
 As noted previously, the district court relied heavily on the defendant's criminal history, his prospect of continuing to commit crimes, and the danger he posed to the community. The Commission has indicated that "there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted." U.S.S.G. Sec. 4A1.3, p.s.
 
 
 16
 A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes. The court may, after a review of all the relevant information, conclude that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from he guidelines.
 
 
 17
 U.S.S.G. Sec. 4A1.3.
 
 
 18
 This appellant has an extremely long criminal history beginning in 1960 and extending for some twenty-eight years. His offenses include: grand larceny; false pretenses; embezzlement; armed robberies; carrying a firearm; and counterfeiting. These are all offenses for which the defendant was convicted, but which were not factored into his criminal history because of lapse of time. In addition, the defendant, on at least one occasion has violated the terms and conditions of probation.
 
 
 19
 The district court, therefore, listed a number of serious crimes involving violent offenses and firearms which were not adequately taken into consideration in the formulation of the guidelines. This factor alone may warrant an upward departure.
 
 
 20
 In addition to defendant's criminal history, the district court also relied on the appellant's likelihood of committing other serious crimes. The guidelines specifically provide for such a factor in granting an upward departure in a case of this type involving a multitude of continuing offenses over many years. Under Section 5K2.14, "[i]f ... public health, or safety, was significantly endangered, the court may increase the sentence above the guideline range to reflect the nature and circumstances of the offense." U.S.S.G. Sec. 5K2.14. If the sentencing court determines that the defendant's conduct, as reflected in the offenses charged and the defendant's prior record "differs significantly from the norm, departure from the guidelines is warranted to increase the amount of incarceration and thereby increase the protection of the public." Joan, 883 F.2d at 495 (quoting the trial court below). It was not unreasonable in light of defendant's extensive prior record, to find that he posed a significant threat to society, and an upward departure, based on this factor, was also warranted.
 
 
 21
 We accordingly AFFIRM.