897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry Albert GREEN, Defendant-Appellant.
 No. 89-3710.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 On Appeal from the United States District Court for the Southern District of Ohio, 89-00072, Smith, D.J.
 S.D.Ohio
 AFFIRMED.
 Before KEITH and KRUPANSKY, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Harry Albert Green appealed from the sentence imposed in a judgment of the District Court for the Southern District of Ohio pursuant to guilty pleas to two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a), which sentence was a substantial upward departure from the Sentencing Guidelines. The presentence investigation placed appellant at an offense level of 19, with a criminal history category of V, which would have called for a sentence of 57-71 months. But the probation officer noted several factors which could have supported an upward departure from the guidelines such as appellant's involvement in continued criminal activity which was not adequately reflected in the scope of his criminal history dating back to 1969, and that appellant had a propensity for continued criminal activity even on parole.
 
 
 2
 In departing from the guidelines and imposing a sentence of 180 months for each offense to be served concurrently, the district court remarked:
 
 
 3
 Mr. Green, your activity demonstrates continued criminal activity by you beginning in 1969; it is not just a couple of problems as you want to pass it off. The Court feels that this early beginning is not adequately reflected in the criminal history points that the guidelines account for. Therefore the guidelines do not adequately rise to the level necessary to protect the public. You committed two unarmed robberies after your release on parole from an unarmed bank robbery in 1982.
 
 
 4
 Therefore, due to the unrelenting criminal activity [sic] of your activity, Mr. Green, for some 20 years, the Court believes that you are a menace to society and that the guidelines do not in this case provide a high enough range of confinement. The Court hereby departs upward from the top of the range of 71 months and sentences you in CR-2-89-072 to be committed to the custody of the Attorney General of the United States, or his authorized representative, for imprisonment for a period of 180 months or 15 years on each count to run concurrently.
 
 
 5
 Appellant argues that the district court failed to consider (1) his cooperation subsequent to arrest, (2) his cooperation with the court by entering a guilty plea; (3) his service in the armed forces including an award of a purple heart decoration; and (4) the possibility that this criminal activity may have resulted from "Post-Traumatic Distress Syndrome" from his military service.
 
 
 6
 Applying the three-step process for reviewing sentences imposed pursuant to the guidelines articulated in United States v. Rodriguez, 882 F.2d 1059, 1065-66 (6th Cir.1989), and United States v. Joan, 883 F.2d 491 (6th Cir.1989), and upon a review of appellant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, the court concludes that the assignments of error are without merit.
 
 
 7
 It must be noted that the recently decided case of United States v. Kennedy, No. 89-3399 (6th Cir. January 9, 1990) has suggested that when a district court departs from the guidelines it must articulate its reasons "in language relating to the guidelines," and connect "the criminal record to the permissible grounds for departure." Id., slip op. at 7. Kennedy also requires that a district court may not depart "beyond the next higher criminal history category without demonstrating either that it first looked to the next higher criminal history category for guidance or that it found the sentence under the next higher criminal history category too lenient." Id., slip op. at 11. The district court in the instant case has fully complied with the first requirement of Kennedy. Although technically not in compliance with the second Kennedy directive which had not been issued prior to the district court's decision in the instant case, the reasons articulated by the district court for its upward departure from the guidelines would be more than sufficient to justify a departure beyond the next higher criminal history category.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED for the reasons stated in Judge Smith's statement in support of sentence from the bench.
 
 
 
 *
 The Honorable Anna Diggs Taylor, District Judge for the Eastern District of Michigan, sitting by designation