902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delano HALE, Defendant-Appellant.
 No. 89-3600.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1990.
 
 Before KEITH and RYAN, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Delano Hale ("Hale") appeals from the June 26, 1989 judgment and commitment order convicting him, pursuant to a guilty plea, of forging a United States Treasury check. Hale contends that the district court abused its discretion by departing from the United States Sentencing Commission Guidelines[1] and sentencing him to eight months imprisonment. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On January 24, 1989, Hale was charged in a two count indictment with forging and uttering a United States Treasury check, in violation of 18 U.S.C. Sec. 510. On March 28, 1989, Hale pled guilty to forging a United States Treasury check. Pursuant to Hale's guilty plea, the second count was dismissed. The presentence report indicated that the Guideline range for Hale's offense was two to eight months. The probation officer suggested, however, that given Hale's pattern of criminal behavior, his cocaine use and his criminal history, an upward departure from the Guidelines was warranted.[2] Hale objected to the upward departure.
 
 
 3
 On June 23, 1989, a sentencing hearing was held. The district court deducted five points from Hale's criminal history because the probation office could not determine whether Hale had counsel for several of his prior convictions.[3] Moreover, the probation office could not verify whether Hale had counsel for a 1988 conviction in Mansfield, Ohio.[4] Because it was unclear whether Hale was represented by counsel in these convictions, the district court adjusted Hale's Guideline range down to zero to six months imprisonment.
 
 
 4
 At the sentencing, Hale argued that given his criminal history, there was no reason for an upward departure from the Guidelines. The government argued, however, that as a result of the reduction in Hale's offense level, his criminal history was severely underrepresented. In addition, given Hale's continued criminal activity and his cocaine habit, the government emphasized an upward departure was appropriate because it was likely that Hale would commit similar offenses to support his habit.
 
 
 5
 After hearing the arguments for both sides, the district court sentenced Hale to eight months imprisonment and two years supervised release.[5] Hale filed a timely appeal on June 28, 1989.
 
 II.
 
 6
 Hale argues that the district court abused its discretion by finding that an upward departure from the Guidelines was warranted. Hale submits that he was improperly sentenced to eight months imprisonment, because in reducing his applicable criminal history level from VII to III, his applicable sentencing range became zero to six months. Moreover, there are no factors which justify an upward departure. We find Hale's argument unpersuasive.
 
 
 7
 In United States v. Perez, 871 F.2d 45 (6th Cir.), cert. denied --- U.S. ----, 109 S.Ct. 3227 (1989), we held that given certain circumstances, the trial court may depart from the Guidelines:
 
 
 8
 The [Sentencing Reform Act of 1984], however, preserved for the district judge the discretion to depart from the guideline applicable to a particular case if the judge finds an aggravating or mitigating factor present that the Commission did not adequately consider when formulating the guidelines. Mistretta v. United States, 488 U.S. 361, ----, 109 S.Ct. 647, 652-53 (1989). The Act requires the court to state the specific reason 'for imposing a sentence different from that described in the guidelines. 18 U.S.C. Sec. 3553(c).' While Congress was not precise as to the form this would take, a short clear (sic) written statement or a reasoned statement from the bench will suffice. The Act then authorizes only limited appellate review of the sentence. 18 U.S.C. Secs. 3742(a) and (b). Review is governed by Secs. 3742(d) and (e) of the Act. We must 'give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.' Sec. 3742(d).
 
 
 9
 Perez, 871 F.2d at 47. (emphasis added) (citations omitted). Furthermore, in United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989), we adopted the First Circuit's three-step analysis for reviewing sentences that depart from the Guidelines. See United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 177 (1989). In Joan, the three-step analysis considers: (1) whether the case is sufficiently "unusual" to warrant a departure; (2) whether those unusual circumstances actually exist in the case and are supported by the evidence; and (3) whether the direction and degree of the departure are reasonable. See Joan, 883 F.2d at 494.
 
 
 10
 Initially, we must consider whether the district court correctly determined the recommended range under the Guidelines. The offense level for a violation of 18 U.S.C. Sec. 510 is found in Sec. 2F1.1 of the Guidelines which provides a base offense level of six. Hale readily admitted his involvement in this offense; therefore under Sec. 3E1.1(a) his offense level is reduced two levels giving him a total offense level of four. As for his criminal history, Hale's convictions yielded a total of nine points. This placed Hale in a criminal history category of IV. The intersection of the total offense level, four, and the criminal history category, IV, on the Sentencing Table shows that the recommended sentence of Hale was two to eight months.
 
 
 11
 The district court, however, found that five of the nine criminal history points were based on uncounselled convictions, which should not be calculated under the Guidelines. Since the probation officer could not determine whether Hale was represented by counsel for these convictions, the district court reduced Hale's criminal history by five points. This reduction brought Hale's Guideline range down to zero to six months imprisonment.
 
 
 12
 Even though the district court determined that a reduction in Hale's criminal history level was appropriate, it found aggravating factors to warrant an upward departure from the Guidelines. Here, the circumstances were sufficiently unusual because Hale's criminal history consisted of convictions which were not calculated in his sentence but exemplified his recidivism. Total exclusion of the arguably uncounselled convictions would provide a grossly distorted picture of Hale's criminal history. Therefore, in the public interest, an upward departure from the Guidelines was warranted.
 
 
 13
 Moreover, there is no factual dispute that Hale was arrested and convicted on the uncounselled charges. Although an uncounselled conviction may be deleted from inclusion in a defendant's criminal history calculation, the information can be used by the sentencing court for determining the proper sentence. See Guidelines, Sec. 4A1.3 at 4.8-4.9.
 
 
 14
 The district court correctly determined that Hale's crime carried an offense level of four. Due to the unusual circumstances surrounding Hale's criminal history calculations, the district court appropriately departed from the Guidelines and sentenced him to eight months. Under the totality of the circumstances, the district court did not abuse its discretion and an upward departure from the Guidelines was warranted.
 
 
 15
 For the foregoing reasons, we AFFIRM the judgment of the Honorable Sam H. Bell, United States District Judge for the Northern District of Ohio.
 
 
 
 *
 The Honorable James P. Churchill, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, (Nov. 1989) (hereinafter Guidelines)
 
 
 [2]
 The probation officer determined that Hale was likely to support his cocaine habit by continuing to commit similar crimes
 
 
 [3]
 The probation office could not determine whether Hale had counsel for a 1983 conviction for breaking and entering; and a 1986 conviction, as a juvenile, for receiving stolen property. Hale received custodial sentences for both of these convictions
 
 
 [4]
 The probation office could not determine whether Hale had counsel for a 1988 conviction for driving a stolen car while intoxicated. Hale was sentenced to three days imprisonment
 
 
 [5]
 The district court provided the following reason for an upward departure from the Guidelines:
 ... [H]aving made the ruling which I have, it seems to me incumbent upon the Court to look at the question of departure.
 Within the framework of 4A1.3 and 5K2.0, it is the Court's feeling that since we have now taken away those points which normally would have accrued by virtue of the previous activities of the defendant, the record quite inadequately indicates a basis for the sentence, a portion of which would lie in relation to the prior criminal history.
 Keeping in mind those admonitions which the two rules that I referred to make, the Court's very much of the opinion that a departure upward is not only justified, but perhaps mandated from the public interest.
 Joint Appendix at 22.