4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee SIMMONS, Defendant-Appellant.
 No. 93-1108.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1993.
 
 Before KENNEDY and RYAN Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Robert Lee Simmons has appealed the sentence imposed for his conviction as a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Simmons was indicted by the grand jury on July 17, 1991, for the firearms charge. Thereafter, on September 25, 1991, he was indicted for threatening to assault and murder the Assistant United States Attorney who was prosecuting the firearms charge, in violation of 18 U.S.C. Sec. 115(a)(1)(B). After the two charges were consolidated for trial, defendant filed a motion to dismiss and the district court stayed prosecution on the firearms charge pending this circuit's decision in United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993). Defendant was convicted on the remaining threat charge and sentenced to a 46-month term of imprisonment.
 
 
 2
 Following the outcome in Driscoll, supra, the district court denied defendant's motion to dismiss the firearms charge and Simmons was subsequently convicted of that charge. A presentence investigation was completed that placed defendant at an offense level of 12 and a criminal history category of V. These levels provided for a Sentencing Guidelines range of 27 to 33 months incarceration. The district court departed upward under Sec. 4A1.3 of the Sentencing Guidelines by adding one criminal history point, thereby giving defendant a criminal history category of VI. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.3. At an offense level of 12 and a criminal history category of VI, the applicable Guidelines range mandated 30 to 37 months of incarceration. Defendant was sentenced to a 37-month term of confinement to run consecutive to the sentence imposed for the previous threat offense. A timely notice of appeal was filed.
 
 
 3
 The district court justified its decision to depart upwards with the following reasons.
 
 
 4
 The suggestion of the probation officer, the Court believes, is appropriate and correct that the criminal history category Roman Numeral V does not adequately reflect the seriousness of the defendant's earlier criminal conduct or the defendant's propensity to commit future criminal acts.
 
 
 5
 The defendant, I find, has been involved in other criminal activity in which no points were assessed, and I find that criminal activity was serious.
 
 
 6
 ....
 
 
 7
 [I]t seems to the court, consistent with the observation of the probation officer, that the--it was, indeed, the defendant who was present and participated in the commission of the shooting at the Limelight Club which was the beginning of this entire investigation, in other words, which resulted in the search, the finding of the weapons at the house.... He had the keys, the ownership papers to a GM automobile which was consistent with the description of a vehicle seen at the location where the shooting was undertaken. It seems clear the shooting was designed to kill somebody, it very nearly did kill a security guard.
 
 
 8
 The weapons that were used at the scene of the shooting, at least one of them, was identified by a ballistic examination as being those that were found to be in the possession of the defendant.
 
 
 9
 ....
 
 
 10
 At least one, probably three points, would be added for such behavior, elevating his criminal history total to 13, giving him a putative criminal history category of Roman Numeral VI, and that would elevate the guideline range to 30 to 37 months, not a particularly substantial elevation in view of the fairly low guideline range for this behavior.
 
 
 11
 J.App. at 109-111.
 
 
 12
 On appeal, defendant challenged the district court's decision to depart upwards. This court reviews upward departures under S 4A1.3 under the three-prong analysis adopted in United States v. Joan, 883 F.2d 491 (6th Cir.1989).
 
 
 13
 First, we assay, the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.
 
 
 14
 Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error.
 
 
 15
 Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. In this context reasonableness is determined with due regard for "the factors to be considered in imposing a sentence," generally, and "the reasons for the imposition of the particular sentence, as stated by the district court...."
 
 
 16
 Joan, 883 F.2d at 494 (quoting United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.1989)) (citations omitted).
 
 
 17
 In imposing an upward departure, the district court relied on defendant's involvement in another incident that was not awarded any points in the calculation of defendant's criminal history category. The first step in the Joan analysis requires the court to determine whether this shooting was so "unusual" as a matter of law to justify an upward departure. Sec. 4A1.3 delineates the circumstances when an upward departure may be justified.
 
 
 18
 If reliable information indicates that the criminal category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
 
 
 19
 ....
 
 
 20
 (e) prior similar adult criminal conduct not resulting in a criminal conviction.
 
 
 21
 U.S.S.G. Sec. 4A1.3, p.s. Defendant's probable involvement in another shooting at the Limelight Club is an example of the type of behavior contemplated by Sec. 4A1.3 to justify upward departure. This second shooting was not counted in the calculation of defendant's criminal history category, but it merits notice as evidence of defendant's propensity to be involved with firearms and violent shootings. No points were awarded for the Limelight shooting since defendant had not yet been charged with or convicted of that shooting. This court concludes that the above described incident was the type of unusual circumstances required by Joan to justify an upward departure.[1]
 
 
 22
 After concluding that the circumstances relied upon by the district court to support its upward departure from the Guidelines were sufficient as a matter of law, this court next examines the district court's factual findings against a clearly erroneous standard. Factual findings at sentencing must be established by a preponderance of the evidence. United States v. Walton, 908 F.2d 1289 (6th Cir.1990). Defendant's involvement in the shooting at the Limelight club had not been resolved at the time of his sentencing. The district court found defendant's involvement in that shooting more probable than not based on the fact that defendant owned an automobile similar to the one seen at the shooting site and because ballistic experts determined that a weapon in possession of the defendant had been used at the shooting. Consequently, the district court's consideration of those incriminatory facts to support its sentencing enhancement was not clearly erroneous.
 
 
 23
 After determining a legal and factual basis for the upward departure, the final task confronting this court is to assess the reasonableness of the district court's decision. Weighing defendant's conduct with the upward departure imposed, this court concludes that the district court's decision to depart upwards was indeed reasonable. Defendant has demonstrated a propensity to be involved in violent assaults involving firearms. The district court considered one such incident that was not reflected in defendant's criminal history score and added one point. This one-point addition raised defendant's criminal history category from V to VI which resulted in a maximum sentence of 37 months as opposed to 33. A four-month increase in the maximum possible sentence was not unreasonable in light of the circumstances of this case.
 
 
 24
 For the reasons stated, the district court's decision is hereby AFFIRMED.
 
 
 
 [1]
 The district court also relied on defendant's misdemeanor conviction for failure to disperse from the scene of a crime as a basis for departing upwards. Because defendant's involvement in the shooting at the Limelight Club is sufficient to justify an upwards departure, this court is not required to address the propriety of the district court's reliance on the misdemeanor as a basis for an upward departure