27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANKLIN DELANO JOAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3968.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1994.
 
 Before: BOGGS, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Franklin Delano Joan, through counsel, appeals a district court order denying his motion to vacate his sentence, filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 24(a).
 
 
 2
 On June 3, 1988, Joan entered a plea of guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; one count of unlawful use of a communication facility in violation of 21 U.S.C. Sec. 843(b); and one count of receiving firearms while under a disability in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B). On August 22, 1988, a presentence report (PSI) was submitted to the court placing Joan at an offense level of 18 and in a Level VI Career Offender Category. The applicable range under the Sentencing Guidelines for this offense level was 57 to 71 months of incarceration.
 
 
 3
 On September 8, 1988, Joan and his attorney appeared for sentencing, and the trial judge called Joan's counsel to chambers. At that time, the judge informed the defense counsel that he would be departing upward from the guidelines sentencing range. Counsel for Joan did not object or request additional time to address the proposed upward departure. At the hearing, the court noted from the bench that the PSI's offense level inadequately reflected Joan's true criminal history and, thus, under U.S.S.G. Sec. 5K2.14, Joan would continue to be a threat to the public's welfare and safety. Thereafter, the court described a number of Joan's prior offenses and displays of criminal behavior, setting forth the basis for the court's upward departure. Ultimately, the court increased the offense level from 18 to a new level of 24, and sentenced Joan to 120 months of imprisonment. This court upheld the upward departure and sentence on appeal. United States v. Joan, 883 F.2d 491 (6th Cir.1989).
 
 
 4
 In May of 1993, represented by new counsel, Joan filed in the district court a Sec. 2255 motion to vacate his sentence, arguing that: 1) his trial counsel rendered ineffective assistance by failing to take action to correct a critical error in the PSI regarding a prior felony conviction; 2) his counsel was ineffective by failing to investigate erroneous facts regarding his prior criminal history; and 3) counsel rendered ineffective assistance by failing to raise the issue of lack of notice of the upward departure at his sentencing hearing. The court found that the notice requirement as set forth in Burns v. United States, 111 S.Ct. 2182 (1991), decided after Joan was sentenced, should not be applied retroactively to Joan's case. On appeal, Joan has failed to raise the above two grounds enumerated as one and two. Therefore, the court considers these grounds to be abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 In order to be entitled to relief under 28 U.S.C. Sec. 2255, Joan must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Furthermore, because Joan's particular claim of ineffective assistance of counsel could have been raised and resolved in his direct appeal, Joan must now show cause and prejudice to excuse his failure to do so, in order to invoke this court's review under 28 U.S.C. Sec. 2255. See United States v. Frady, 456 U.S. 152, 170 (1982); see also Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Even if cause can be assumed to exist, we conclude that Mr. Joan has suffered no prejudice.
 
 
 6
 Joan is raising a due process issue within the context of an ineffective assistance of counsel claim and, therefore, must show that his counsel's performance was deficient and that it prejudiced his defense to the degree that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 In our opinion affirming Joan's conviction and sentence, this court concluded that the sentencing court had both a factual and legal basis for the departure and that the sentence imposed was both reasonable and appropriate, considering all of the circumstances. Joan, 883 F.2d at 496. Thus, Joan cannot now rely on the argument that the sentencing judge's factual basis for his upward departure was insufficient and that his counsel could have marshalled evidence refuting those findings. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Joan has presented nothing further to show that a delay of his sentencing would have produced any evidence or facts other than what was then before the sentencing court on the day of sentencing.
 
 
 8
 Accordingly, the district court's order denying Joan's motion to vacate his sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.