**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James R. HECKMAN, Defendant–Appellant.**

No. 93–6308.

United States Court of Appeals, Sixth Circuit.

Argued May 13, 1994.

Decided July 28, 1994.

Laura K. Voorhees, Asst. U.S. Atty. (argued and briefed), Covington, KY, for plaintiff-appellee.

F. Dennis Alerding (argued and briefed), Covington, KY, for defendant-appellant.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; and RUBIN, District Judge.*

SUHRHEINRICH, Circuit Judge.

Defendant James Heckman appeals the twenty-four month sentence imposed by the district court following his conviction on four counts of violating 26 U.S.C. § 7206(1),[1] filing false documents with the Internal Revenue Service. Specifically, Heckman filed false Forms 1096, Annual Summary and Transmittal of U.S. Information Returns, for the year 1988; and he filed a false Form 1040, Individual Tax Return, for the same year.

Under the applicable guideline range, U.S.S.G. § 2T1.3, defendant faced one to seven months incarceration. The government filed notice to move for upward departure at sentencing in consideration of the individual victims and because of the extreme disruption Heckman caused the IRS. The trial court granted the motion and sentenced defendant to twenty-four months of incarceration. We **AFFIRM**.

I.

At trial, the government introduced evidence that in 1988, Heckman filed three Forms 1096, entitled Summary and Transmittal of U.S. Information Returns. Form 1096, a cover sheet used to transmit Form 1099[2] to the IRS, summarizes the total amount of money or compensation paid to other individuals by the filer. The first Form 1096, dated February 25, 1989, included eighteen Forms 1099, showing that Heckman, a sole proprietor, paid various individuals and businesses "Miscellaneous Income" in the total amount of $1,454,856.06. The second Form 1096, also dated February 25, 1989, included thirteen Forms 1099, showing that Heckman paid individuals and businesses a total of $51,552.07 in "Interest Income." The third false Form 1096, dated March 23, 1989, included ten Forms 1099, showing that Heckman paid individuals and businesses a total of $3,881,733.90 in Miscellaneous Income.

All forms contained perjury provisions and Heckman signed each, verifying the information of the Forms 1096 and 1099 was true, accurate and complete. After Heckman filed the documents, the IRS entered the information into their computer, examined the accounts of the recipients of the money and discovered that none of the recipients reported the income paid by Heckman on their Individual Income Tax Return. Consequently, the IRS placed each individual account in the under-reporter file system. Eventually, the IRS determined that the forms Heckman filed were false.

Heckman also filed a Form 1040 which listed his income at $5,388,142 and indicated that the IRS possessed this money, holding it in his account as a withholding tax credit. His tax due, based on the income he reported, was $1,507,839. Heckman subtracted this amount from the money held by the IRS

---

* The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.

1. The statute prohibits any person from "willfully" subscribing any "return, statement, or other document, which contains or is verified by a written declaration that it is made under the

penalties of perjury, and which he does not believe to be true and correct as to every material matter...."

2. Form 1099 identifies each individual who received income and the exact amount that person received.

and claimed a refund for approximately $3,000,000.

At trial, the government introduced the testimony of five of the individuals named on a Form 1099 filed by Heckman. All testified that they had received no money from Heckman.

At sentencing, the district court departed upward pursuant to U.S.S.G. § 5K2.0 (Grounds for Departure), finding that the applicable guideline failed to consider the defendant's malice toward, and systematic harassment of, the victims. The district court also relied on U.S.S.G. § 5K2.7 (Disruption of Governmental Function), noting that the 79 false forms[3] defendant filed created significant disruption to the IRS, as a basis for upward departure.

## II.

■ A sentencing judge may impose a sentence in excess of the guideline range provided one of two circumstances exists: either the court finds an aggravating circumstance not adequately considered by the Sentencing Commission, 18 U.S.S.G. § 3553(b), or it determines that "in light of unusual circumstances, the guideline level attached to that factor is inadequate." 18 U.S.S.G. § 2K5.0. *United States v. Lowenstein,* 1 F.3d 452, 453 (6th Cir.1993).

■ We use a three-part analysis in reviewing an upward departure based on this ground.

First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.

Second we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error.

Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. *United States v. Joan,* 883 F.2d 491, 494–96 (6th Cir.1989)(adopting the analysis of *United States v. Diaz–Villafane,* 874 F.2d 43, 49 (1st Cir.), *cert. denied,* 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989)).

### A.

■ The district court found that the unusual circumstances in this case rendered the applicable guideline, § 2T1.3, inadequate. The applicable guideline contemplates false statements made by a defendant to evade payment of taxes. Implicit evidence of this purpose includes the incorporation of the tax loss table for determining the base offense level. Explicit evidence includes a statement that the guideline covers "conduct that usually is analogous to tax evasion, although the elements differ." U.S.S.G. § 2T1.3, comment. (backg'd.).

As the district judge recognized, "Here, the applicable guideline addresses false statements that result or could potentially result in evading tax liability, and the harm or potential harm to the government is in terms of direct economic loss through taxes not collected." Because the defendant's tax return was so patently absurd, the IRS did not issue the refund and suffered no direct monetary loss.

Defendant's behavior differs from the usual conduct punished under this guideline. Defendant not only attempted to evade payment of his own taxes but engaged in a scheme designed to impede the IRS in the collection of revenue from other taxpayers and in its measurement of taxpayer compliance. Further, defendant used his scheme to harass the individuals whose accounts the IRS scrutinized.

This activity goes beyond that contemplated by U.S.S.G. § 2T1.3. Accordingly, we find the circumstances relied on by the district

**3.** Defendant filed thirty-eight additional forms for the 1989 tax year.

court justify departure and the first prong of the *Joan* test is satisfied.

■ Ample evidence supported the district court's departure. Five witnesses[4] testified that Heckman had demanded payment from them based on false deeds of trust and other liens he had filed against their property. The witnesses stated that they hired lawyers or accountants to defend their IRS tax filings. The trial judge found that defendant harmed these victims, forcing them to prove to the IRS they were innocent of any wrongdoing. The trial judge also found that the harassing letters defendant sent to victims further evidenced his vindictiveness.

These incidents provide a factual basis that justifies the district court's upward departure. Thus, we hold that the second *Joan* factor is satisfied.

■ Lastly, we must decide whether the departure was reasonable. We give the trial court's determination "deference, and, unless there is little or no basis for the trial court's action in departing, it must be upheld, provided the trial court has recognized that departure is the exception, and has adequately articulated its reasons for departure." *Joan,* 883 F.2d at 496. Factors examined to determine the reasonableness of the departure include prior conduct not resulting in a conviction, probability of recidivism and effectiveness of the sentence in deterring future criminal conduct. *Id.*

■ The court increased defendant's sentence to twenty-four months. Although defendant argues that a threefold increase in sentencing is unreasonable, "the mere fact that a departure sentence exceeds by several times the maximum recommended under the Guidelines is of no independent consequence in determining whether the sentence is reasonable." *United States v. Roberson,* 872 F.2d 597, 606 n. 7 (5th Cir.), *cert. denied,* 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989).

As the trial court noted, under the tax loss table in § 2T1.3, based on Heckman's claim for a three million dollar tax refund, the sentencing range would have been thirty-seven to forty-six months. Because the IRS never would have paid Heckman the refund he claimed was owed, however, the tax table did not apply. *See United States v. Watkins,* 994 F.2d 1192 (6th Cir.1993). The trial court recognized the inapplicability of the table, and sentenced Heckman to a lesser term of imprisonment than he could have received had the table applied. In reaching the sentence imposed, the trial court recognized that Heckman filed another false return in 1989, and thirty-eight additional false Forms 1099. Given the seriousness of Heckman's conduct, the continuing nature of the violations, and defendant's use of governmental agencies to harass victims, we find the sentence is reasonable.

### B.

■ As to the second ground for upward departure, the court found that the defendant's filing of at least seventy-nine false Forms 1099 resulted in a significant disruption of the government function pursuant to U.S.S.G. § 5K2.7. The provision provides as follows:

If the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected. Departure from the guidelines ordinarily would not be justified when the offense of conviction is an offense such as bribery or obstruction of justice; in such cases interference with a governmental function is inherent in the offense, and unless the circumstances are unusual the guidelines will reflect the ap-

---

4. All of the witnesses had previous contact with Heckman: several had filed law suits against Heckman; one was the judge that presided over one of these disputes; another was advertising director of the local newspaper who, on the advice of counsel, refused to publish an alleged legal notice to quiet title, submitted by Heckman; and one was the vice-president and senior counsel for a bank who had written a letter to Heckman denying Heckman's request for taxpayer identification numbers.

propriate punishment for such interference.

U.S.S.G. § 5K2.7.

The trial court noted that the disruption caused by defendant was a different kind than that associated with bribery or obstruction of justice: Heckman not only tried to evade payment of his own taxes, he used the IRS to harass numerous persons who had the misfortune of coming into contact with him.

The disruption usually associated with or inherent in violations of 26 U.S.C. § 7206 may contemplate bribery or obstruction of justice but does not contemplate the type of disruption resulting from Heckman's conduct. Similarly, it may contemplate the disruption bound to result from income tax evasion but not the disruption resulting from an attempt to use the IRS as a tool of harassment. Accordingly, we agree that defendant's conduct is not the usual conduct punished under the guidelines.

The record supports the trial court's finding that Heckman caused substantial disruption to the government. An IRS agent testified that employees expended enormous effort to identify and correct the false information resulting from Heckman's filings. The IRS spent 138 hours investigating the false forms, making inquiries of the individual victims and verifying their explanations, at a cost of $1500. Apparently, Heckman filed a false tax return in 1989 as well, reporting income in the amount of $34 million and claiming a refund of $24 million. Heckman also claimed that he paid twenty-eight additional individuals and businesses various amounts of money. Consequently, the IRS manually screened over 24,000 documents filed in 1989, to discover any documents Heckman filed in order to prevent additional taxpayers being placed in the under-reporter file. Accordingly, we find the evidence at trial supported the district court's findings.

We find the district court imposed a reasonable sentence. The collection of taxes is a necessary task, essential for the government to function. Defendant's scheme transformed this task into a means by which to harass law-abiding citizens. In carrying out this scheme, defendant created significant disruption to the IRS, and we find the degree of departure was reasonable.

### III.

Accordingly, we **AFFIRM** the sentence imposed.