85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John RIORDAN, Defendant-Appellant.
 No. 95-5412.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1996.
 
 Before: ENGEL, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant John Riordan appeals from the sentence imposed on his conviction for three counts of wire fraud. At issue is whether the district court erred in departing upward from the applicable sentencing guideline range.
 
 
 2
 The district court did not err in departing upward. Therefore we affirm.
 
 BACKGROUND
 
 3
 John Riordan was charged with wire fraud in a twenty-count indictment on February 22, 1994. Following his arraignment on a superseding indictment, Riordan proceeded to trial on December 7, 1994. The evidence at trial showed that Riordan had worked as a telemarketer in a fraudulent operation in Chattanooga, Tennessee.
 
 
 4
 Targeted victims of the scam were elderly people throughout the United States. Riordan would telephone the victims at all hours, representing to them that they had won large amounts of cash (such as $250,000). The money, he represented, would be theirs provided they remit to him payment of the "taxes," the amount of which varied depending on how much Riordan could persuade the person to send. While speaking to his victims, Riordan would engage in what his brief characterizes as a "somewhat perverse celebration," which included referring to his targets in vulgar terms. Although a target sometimes received pens, pencils, or stickers upon payment of the "taxes," the victim never received the promised cash prize. Riordan succeeded in obtaining approximately $225,000 to $250,000 as a result of the scheme.
 
 
 5
 Though some of the charges against him were dismissed, Riordan was convicted of three counts of wire fraud. The presentence report calculated his sentencing guideline range to be 41 to 51 months. Notwithstanding the contrary view of the probation office, the government took the view that an upward departure was warranted and moved the court to depart upward.
 
 
 6
 The court embraced the government's position and departed upward to impose a sentence of 97 months. The court based its decision the following: (1) the enhancement in U.S.S.G. § 2F1.1(b)(2)(B) for a scheme to defraud more than one victim does not take account of the possibility of a defendant defrauding many, many victims, as did Riordan; (2) because of the numerous, older targets, the loss as computed under U.S.S.G. § 2F1.1 does not fully capture the harmfulness and seriousness of Riordan's conduct; (3) the interest in protecting the particularly vulnerable from victimization; (4) Riordan was part of a particularly sophisticated and highly organized group; (5) his fraud was of a "particularly virulent genre," as it defrauded elderly people of their life savings and inflicted psychological hurt as well as monetary loss; (6) notions of deterrence, just punishment, public protection, and lack of remorse; and (7) concern that absent an upward departure Riordan would resort to the same kind of conduct on release in order to support himself. (J.A. at 108-110.)
 
 DISCUSSION
 
 7
 Under 18 U.S.C. § 3553(b), a sentencing court may impose a sentence outside the range established by the applicable guideline if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."
 
 
 8
 This Court examines an upward departure under a three-step analysis. First, the Court reviews de novo whether the circumstances relied on for departure are sufficiently unusual to warrant it. Second, the Court reviews for clear error the district court's finding that unusual circumstances are present in the case under consideration. Third, the Court reviews for reasonableness the extent of the departure. United States v. Joan, 883 F.2d 491, 494-96 (6th Cir.1989).
 
 
 9
 On appeal, Riordan argues that there was no legally or factually sufficient basis for an upward departure and that even if there were, the extent of the court's departure was unreasonable. We cannot agree.
 
 
 10
 In our view, the record reveals sufficiently unusual circumstances for an upward departure. As the district court reasoned, the enhancement in U.S.S.G. § 2F1.1(b)(2)(B) for a scheme to defraud more than one victim does not seem to take account of the possibility of a defendant defrauding many, many victims, as did Riordan; because of the numerous, older targets, the loss as computed under U.S.S.G. § 2F1.1 does not seem to fully and capture the harmfulness and seriousness of Riordan's conduct; and his fraud was of a "particularly virulent genre," as it defrauded elderly people of their life savings and inflicted psychological hurt as well as monetary loss.
 
 
 11
 Whether a departure is reasonable is a "judgment call," which this Court has said it will not lightly disturb. Joan, 883 F.2d at 494 (quoting United States v. Diaz-Villafane, 874 F.2d 43 (1st Cir.), cert. denied, 493 U.S. 862 (1989)). "Provided the trial court has recognized that departure is the exception, and has adequately articulated its reasons for departure," both of which the court here did, (J.A. at 108-110), "the trial judge's determination must be given great deference, and, unless there is little or no basis for the trial court's action in departing, it must be upheld." Id. at 496. Adjusting the severity of a sentence on the basis of factors not readily reducible to monthly terms of custody is nothing if not imprecise. But in these circumstances, we cannot say that Riordan's 97 month sentence is unreasonable.
 
 CONCLUSION
 
 12
 For the reasons stated, the decision of the district court is AFFIRMED.