16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee (93-1011/1028),
Respondent-Appellee (93-1347),
v.
Larry CHAMBERS, Defendant-Appellant (93-1011),
Petitioner-Appellant (93-1347),
Billy Joe Chambers, Defendant-Appellant (93-1028).
 Nos. 93-1011, 93-1028 and 93-1347.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1994.
 
 Before: NORRIS and SILER, Circuit Judges; HEYBURN, District Judge.*
 PER CURIAM.
 
 
 1
 This is the second appeal of the sentences given Billy Joe and Larry Chambers after they were convicted for operation of a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. Sec. 848, and related charges in connection with their direction of a large-scale narcotics operation. As a result of their first appeal, the district court vacated defendants' convictions on the included offense of conspiracy, and ordered resentencing on the CCE convictions.[1] Larry Chambers then filed, pro se, a motion to vacate his sentence for various alleged errors in his jury trial. Before it denied that motion, the district court resentenced defendants on the CCE convictions. The district court departed upward from the guideline range for both defendants, resulting in a life sentence for Larry and a sentence of 325 months for Billy Joe. Both defendants now appeal the propriety of the upward departure in their resentencing. Larry also appeals the denial of his motion to vacate.
 
 I. THE UPWARD DEPARTURES
 
 2
 A. The Specificity of the Stated Reasons for Departure
 
 
 3
 Larry Chambers first argues that the district court's stated reasons for departure were insufficiently specific and that they were inadequately connected to the permissible grounds for departure provided in the guidelines. When making a departure from the guidelines, the district court must provide a "specific reason" in support. 18 U.S.C. Sec. 3553(c)(2) (1988). "This requirement is satisfied by 'a short clear written statement or a reasoned statement from the bench' that identifies the aggravating factors and its reasons for connecting them to the permissible grounds for departure." United States v. Feinman, 930 F.2d 495, 501 (6th Cir.1991) (quoting United States v. Kennedy, 893 F.2d 825, 827 (6th Cir.1990)). In addition, the need for specificity is particularly compelling if the criminal history of the defendant is sufficient to place him in Criminal History Category VI prior to the upward adjustment. United States v. Downs, 955 F.2d 397, 402 (6th Cir.1992). Larry's criminal history put him in this category. The specificity required is necessary for this court to review the district court's exercise of its discretion.
 
 
 4
 We hold that the district court met this requirement because it articulated the specific reasons for its departure in language relating to the guidelines.
 
 
 5
 In Larry's case, the district judge stated his reasons for departure on the judgment entry:
 
 
 6
 1) The defendant supervised, organized and led hundreds of individuals in a operation of over 200 retail "crack" houses which distributed appx. 3-5 kilograms of crack on a weekly basis.
 
 
 7
 2) Violence was used within this drug trafficking enterprise.
 
 
 8
 3) The defendant's criminal history score inadequately characterizes his criminal livelihood.
 
 
 9
 The district judge also stated reasons for departure in open court at sentencing, and further explained the reasons listed above. Specifically referring to the reasons as "enhancement factors ... not reflected in the guidelines," the judge explained that he had "never seen a criminal history like [Larry's]," and that Larry had "chosen to break the laws of society" at every opportunity. In addition, the judge noted that Larry had committed crimes while on parole or probation from other crimes, and while under instructions not to break the law. Another enhancement factor mentioned in open court was that defendant used juveniles in his illegal enterprise.
 
 
 10
 These stated reasons are more than sufficiently specific to facilitate an effective review of the district court's discretionary departure.
 
 B. The Standard of Review
 
 11
 District courts should sentence defendants within the range set in the Sentencing Guidelines unless aggravating or mitigating circumstances exist "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. Sec. 3553(b) (1988). Similarly, U.S.S.G. Sec. 5K2.0 provides that an upward departure may be warranted "if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." United States Sentencing Commission, Guidelines Manual, Sec. 5K2.0 (Nov. 1987).
 
 
 12
 In United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989), this court adopted a three-step process for reviewing departures:
 
 
 13
 Step 1. Determine that the case is sufficiently unusual to warrant departure. Ask whether the circumstances of the case are of a kind or to a degree that they may be appropriately relied upon to justify departure. As a question of law, review is de novo.
 
 
 14
 Step 2. Determine whether the circumstances that justify departure actually exist in the case. As a question of fact, review is for clear error. See 18 U.S.C. Sec. 3742(e) (1988).
 
 
 15
 Step 3. Determine that the direction and scope of the departure was reasonable. Reasonableness is to be determined with due regard for "factors to be considered in imposing a sentence," and "the reasons for the imposition of the particular sentence, as stated by the district court." 18 U.S.C. Sec. 3742(e)(3) (1988). The court described review under this step as " 'quintessentially a judgment call.' " Joan, 883 F.2d at 494 (citing United States v. Diaz-Villafane, 874 F.2d 43 (1st Cir.1989)).
 
 C. Discussion
 
 16
 A review of the record reveals circumstances sufficiently unusual to warrant departure. The organization led by defendants relied upon pervasive violence and utilized juveniles extensively. In enhancing Billy Joe's sentence, the judge alluded to the unusually large amount of drugs with which the organization was involved. In discussing Larry's departure the court included as an enhancement factor not only the large quantity of drugs, but the great number of people involved, and Larry's supervisory role in the organization.
 
 
 17
 To the extent that the sentencing judge considered Larry's supervisory role in the organization as an enhancement factor in departing upward from the guidelines, he was in error. See U.S.S.G. Sec. 2D1.5, comment. (n. 1). However, that error is harmless in light of the other factors correctly relied upon by the court. Williams v. United States, 112 S.Ct. 1112 (1992).
 
 
 18
 Any reliance upon the scope of the enterprise in Larry's departure was justified because, although the Sentencing Commission considered that factor in the guidelines, the scope was "present to a degree substantially in excess of that which ordinarily is involved in the offense." U.S.S.G. Sec. 5K2.0. Defendants' organization was reputedly the largest drug operation ever prosecuted in the Detroit area and was greater than the ordinary large-scale drug enterprise contemplated by the Commission.
 
 
 19
 The departures were also justified to the extent that they were based upon the use of violence, the quantity of drugs, and the number of persons involved in the organization. The guidelines for CCE offenses were amended in 1988 to provide a higher offense level for the conviction for such a crime. In addition, the amendment shed light on the inadequacies of the 1987 guideline: "The purpose of this amendment is to ensure that the guideline adequately reflects the seriousness of the criminal conduct. The previous guideline specified sentences that were lower than sentences typically imposed on defendants convicted of engaging in a [CCE], a result that the Commission did not intend." U.S.S.G.App.C, Amendment 66. The commentary to the amendment further indicated that the circumstances at issue are sufficiently unusual to justify departure: "If as part of the enterprise the defendant sanctioned the use of violence, if the quantity of drugs substantially exceeds that required for level 36 in the drug quantity table, or if the number of persons managed by the defendant is extremely large, an upward departure may be warranted." U.S.S.G. Sec. 2D1.5, comment. (n. 2) (1988).
 
 
 20
 The later amendment and commentary serve to clarify the then existing 1987 guideline. See United States v. Luster, 889 F.2d 1523, 1529 (6th Cir.1989) (holding that "[i]nasmuch as the amendment to the guideline is intended to clarify the existing guideline, it should be given substantial weight in determining the meaning of the existing guideline.").
 
 
 21
 The use of juveniles in the enterprise is also sufficiently unusual to allow departure in sentencing defendants. Although Sec. 2D1.5 does not provide for this specific factor, Sec. 2D1.2 provides for an enhanced sentence for involving juveniles in the trafficking of drugs, and the court was authorized to rely upon this factor to depart as it was relevant to the sentencing. See U.S.S.G. Sec. 5K2.0.
 
 
 22
 Finally, the guidelines expressly permit departure when the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct. U.S.S.G. Sec. 4A1.3, p.s. Larry's criminal history score totals twenty-eight points, whereas the highest criminal history category requires only thirteen points. This court has held it appropriate to rely upon a defendant's extremely high criminal history score in departing from the guidelines. United States v. Osborne, 948 F.2d 210, 214 (6th Cir.1991). Moreover, the sentencing judge mentioned the inadequacies of Larry's score: it failed to reflect adequately the fact that Larry's livelihood depended upon his criminal activity; at least ten felonies were not considered in calculating the score; and Larry had committed many crimes while on parole or probation from other crimes.
 
 
 23
 Under the circumstances, the sentencing court's findings justifying departure were not clearly erroneous. Defendants argue that the district court erred by crediting unreliable hearsay testimony, and by denying them a hearing to cross-examine the witnesses who provided such testimony. However, no right to confrontation attaches at sentencing. United States v. Silverman, 976 F.2d 1502, 1514 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). Moreover, any information, including hearsay statements, may be considered at sentencing as long as there exist " 'sufficient indicia of reliability to support its probable accuracy.' " Id. at 1513 (quoting United States v. Herrera, 928 F.2d 769, 773 (6th Cir.1991)). Furthermore, the standard of proof for enhancement factors is a preponderance of the evidence. Id. Accordingly, defendants face a substantial hurdle when they argue that a sentencing court's findings are clearly erroneous.
 
 
 24
 Billy Joe contends that because the sentencing judge was not the presiding trial judge, and therefore did not hear the trial testimony, he is somehow prohibited from making factual findings based upon evidence considered at sentencing. That argument, of course, has no merit. Larry argues that his departure was extraordinary, and that therefore the district court erred by not holding the government to a higher standard of proof for the enhancement factors. See United States v. Kikumura, 918 F.2d 1084 (3d Cir.1990). However, Larry's departure from a twenty-eight-year sentence to life imprisonment was not extraordinary, given the facts, and did not require an increase of the procedural protection otherwise applicable in sentencing proceedings.
 
 
 25
 The conclusions of the sentencing judge that the circumstances justifying departure actually existed are adequately supported by the record and the trial transcript below. Therefore, his findings were not clearly erroneous.
 
 
 26
 Finally, the extent of the upward departures was reasonable.
 
 
 27
 This step in the Joan paradigm, the evaluation of reasonableness, is "quintessentially a judgment call." Joan, 883 F.2d 494. In Larry's case, the court was faced with "the worst criminal history [it had] ever seen," as well as several other enhancement factors all justifying some degree of departure. When taken together, we are unable to say that those factors were insufficient to justify the degree of departure in his case. See United States v. Belanger, 892 F.2d 473 (6th Cir.1989) (approving the upward departure double the mean guideline range based solely upon a criminal history score of 29.) The sentencing court adequately considered the purposes behind sentencing and the criminal law, and could come to no other conclusion but that "the only appropriate sentence for [Larry] is life." We agree.
 
 
 28
 The case for Billy Joe's departure was somewhat different. His criminal history category was only Category I and adequately represented his true criminal history. The particular enhancement factors relied upon in Billy Joe's departure, however, were similar to those relied upon in sentencing Larry. The court stated that the government's request for a ten-level departure was too great, and instead enhanced Billy Joe's sentence by seven levels: three for sanctioned violence; two for the quantity of the drugs involved; and two for the use of juveniles. This seven-level enhancement placed him in a guideline range of 262 to 327 months, and the court ultimately sentenced him to 325 months. Given the deference that is due the sentencing judge, we are again unable to say that, based upon the facts, the degree of departure in Billy Joe's case was unreasonable.
 
 II. SECTION 2255 MOTION TO VACATE
 
 29
 Larry Chambers appeals the denial of the motion to vacate his sentence. Most of his contentions were not raised at the trial level or on direct appeal, and are therefore considered waived. In addition, he is unable to meet the cause and prejudice standard permitting this court to address those allegations. United States v. Frady, 456 U.S. 152, 166-68 (1982).
 
 
 30
 His claim of false grand jury testimony is without merit in light of the jury's verdict and the standard of United States v. Mechanik, 475 U.S. 66, 70 (1986). His claim of police brutality is not properly the subject of a Sec. 2255 motion and is therefore dismissed without prejudice to the filing of a civil suit. In addition, the allegations of ineffective assistance of counsel are insufficient to meet the standard of Strickland v. Washington, 466 U.S. 668 (1984). Moreover, the allegedly false statements admitted as testimony by the government, even if known to be false, were not material in light of the massive amount of evidence against petitioner. Anderson v. United States, 403 F.2d 451 (7th Cir.1968), cert. denied, 89 S.Ct. 1009 (1969). In summary, the denial of the motion to vacate was proper.
 
 III.
 
 31
 The sentences meted out to Billy Joe and Larry Chambers are affirmed, and the denial of Larry Chambers' motion to vacate is affirmed.
 
 
 
 *
 The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Due to an oversight in the Sentencing Guidelines, the sentences for the conspiracy, the "lesser" included offense to the operation of a CCE, were greater than the sentences for the operation of the CCE. The district court felt constrained to vacate the convictions and sentences for the included offense of conspiracy