87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Marlowe CHAMBERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1978.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 1
 Before: BROWN and SILER, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Larry Chambers, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, a jury convicted Chambers of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841, operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c), and tax evasion in violation of 26 U.S.C. § 7201. He was sentenced to three concurrent life terms of imprisonment, a mandatory consecutive five year sentence for the firearms count, and two concurrent years of imprisonment for tax evasion, and ordered to pay a $250,000 fine. On appeal, a panel of this court affirmed Chamber's conviction, but found that his simultaneous convictions of conspiracy and operating a continuing legal enterprise violated the Double Jeopardy Clause. See United States v. Chambers, 944 F.2d 1253 (6th Cir.1991), cert. denied, 503 U.S. 989 and 502 U.S. 1112 (1992). On remand, the district court dismissed the conspiracy conviction and resentenced Chambers to two concurrent life terms of imprisonment, a mandatory consecutive five year term, and two concurrent years of imprisonment; it also ordered Chambers to pay a $250,000 fine.
 
 
 4
 Thereafter, Chambers filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising claims of: 1) ineffective assistance of counsel; 2) police brutality; 3) juror misconduct; 4) knowing use of perjured testimony before the grand jury and during trial; and 5) prosecutorial misconduct during closing arguments. The district court adopted a magistrate judge's report recommending that Chambers's motion be denied as without merit. A panel of this court affirmed the district court's judgment. See United States v. Chambers, 16 F.3d 1221, 1994 WL 12649 (6th Cir.1994).
 
 
 5
 In his second and current motion, Chambers argued that: 1) the government violated the rule set forth in Brady v. Maryland, 373 U.S. 83 (1963) by withholding a Drug Enforcement Agency (DEA) report which contained exculpatory evidence; 2) the investigating officers planted drugs and weapons in chambers's apartment; 3) District Court Judge Rosen prepared an order which contained racist remarks and indicated that Chambers would be denied relief despite his innocence; and 4) a former Assistant United States Attorney sent him a letter, informing him that the government had falsified information at his trial. Chambers also appears to reassert the arguments he had presented in his first § 2255 motion to vacate, although he did not list them as separate grounds for relief. Upon review, the district court determined that Chambers was not entitled to relief on his first four grounds because his arguments were supported by forged or fraudulently altered documents; and it denied his remaining arguments as successive.
 
 
 6
 On appeal, Chambers essentially reasserts his same arguments. He also argues that the district court improperly denied his motion without an evidentiary hearing.
 
 
 7
 Upon review, we conclude that the district court properly denied the motion to vacate for the reasons stated in its memorandum opinion filed August 14, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Moreover, it does not reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation