**UNITED STATES of America,
Plaintiff,**

v.

**Billy Joe CHAMBERS, Defendant.**

**No. 87–CR–80933–2.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 27, 2001.

Billy Joe Chambers, Milan, MI, pro se.

Michael Buckley, AUSA, U.S. Attorney's Office, Detroit, Michigan, for defendant.

### ORDER DENYING DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT

ROSEN, District Judge.

Presently before the Court is the January 24, 2001 motion of Defendant Billy Joe Chambers to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Under this statute, the Court may reduce a term of imprisonment which is "based on a sentencing range that has subsequently been

lowered by the Sentencing Commission." In his motion, Defendant argues that the applicable sentencing range in this case has been lowered, by virtue of the Sentencing Commission's adoption of Amendment 591 to the Sentencing Guidelines, and that he is entitled to the benefit of this reduction. As explained below, Defendant is mistaken.

■ The stated reason for the adoption of Amendment 591 was to resolve a conflict among the circuit courts regarding the process through which a court determines which of the Sentencing Guidelines' Chapter Two "Offense Conduct" provisions should apply in a given case. With regard to drug offenses, for examples, some courts had applied § 2D1.2 of the Guidelines, entitled "Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals," in cases where the offense of conviction did not include a specific element of drug trafficking in a protected location or involving an underage or pregnant individual, but where the defendant's relevant conduct included this type of activity. *See, e.g., United States v. Clay,* 117 F.3d 317, 318–20 (6th Cir.1997). Amendment 591 was intended to clarify that the selection of a Chapter Two provision should, with certain limited exceptions, be determined solely by reference to the statute of conviction, with relevant conduct factored in only *after* this initial selection is made. *See, e.g., Watterson v. United States,* 219 F.3d 232, 234–35 & n. 6 (3d Cir.2000) (discussing the prior split among the circuits and the effect of Amendment 591). Returning, more specifically, to the above-cited example, the amendment means that "in order for the enhanced penalties in § 2D1.2 to apply, the defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline." U.S.S.G.App. C, Amendment 591, Nov. 1, 2001 suppl. at 32.

■ Amendment 591 has no bearing upon Defendant's sentence in this case. The August 17, 1992 presentence report and guideline worksheets that were submitted to the Court in connection with Defendant's resentencing in December of 1992 calculated a base offense level of 32 pursuant to § 2D1.5, the guideline section governing continuing criminal enterprise convictions under 21 U.S.C. § 848. Because this was the offense of conviction, it was appropriate to apply § 2D1.5 in determining Defendant's sentence, and no additional factors were considered in making this selection.

To be sure, the Court elected to depart upward from the base offense level of 32 in determining Defendant's sentence, imposing a seven-level enhancement based upon the large quantity of drugs involved and the use of violence and juveniles in Defendant's extensive criminal enterprise. These departures, however, were the result of the Court's application of § 5K2.0, and the Sixth Circuit, in affirming Defendant's sentence, confirmed the appropriateness of the factors cited by the Court in applying this provision. *See United States v. Chambers,* 16 F.3d 1221, 1994 WL 12649, at *2–*3 (6th Cir. Jan.19, 1994).

■ Nothing in Amendment 591 diminishes the Court's authority to upward depart under § 5K2.0, or limits the circumstances that may be considered in determining whether, and to what extent, such a departure might be warranted. Rather, that amendment addresses only the *initial* selection of the applicable offense guideline section from Chapter Two, and not the subsequent process through which a court decides whether to depart from the sentencing range established in the governing Chapter Two provision. *See* U.S.S.G. § 1B1.1 (setting forth the nine steps involved in applying the guidelines); *see also United States v.*

*Cross,* 121 F.3d 234, 239–40 (6th Cir. 1997) (explaining that the possible grounds for an upward departure are not limited to those expressly identified within Chapter Two's specific offense guidelines or those encompassed within the strict definition of "relevant conduct"). Nor does the Court's reference to factors cited in other Chapter Two provisions, such as the employment of juveniles in Defendant's criminal enterprise, in any way serve to convert Defendant's sentence from one imposed under § 2D1.5 into one imposed under a different Chapter Two guideline, such as § 2D1.2. In short, Amendment 591, even if it had been enacted prior to Defendant's resentencing in 1992, would have had no effect upon the sentence imposed in this case, nor upon the process of determining this sentence.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's January 24, 2001 Motion to Modify Term of Imprisonment is DENIED.