### UNITED STATES of America, Plaintiff–Appellee,

v.

### Doman D. RAINES, Defendant– Appellant.

### No. 02–1567.

United States Court of Appeals, Sixth Circuit.

Dec. 13, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

### ORDER

Doman Raines appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Raines pleaded guilty pursuant to a negotiated agreement to: 1) being a felon in possession of a firearm in violation to 18 U.S.C. § 922(g); 2) possessing a stolen firearm in violation of 18 U.S.C. § 922(j); 3) distributing cocaine in violation of 21 U.S.C. § 841(a); and 4) collecting credit by extortionate means in violation of 18 U.S.C. § 894(a)(1) and (2). The district court sentenced Raines to 114 months of imprisonment and 5 years of supervised release.

On appeal, Raines's counsel moves to withdraw and files a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Raines filed an untimely response to his counsel's motion to withdraw in which he asserted that the district court abused its discretion

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

in sentencing him to 114 months of imprisonment.

Raines's issue on appeal is meritless. Defendant claims that the district court abused its discretion in increasing his criminal history category and sentencing him to 114 months of imprisonment. The presentence investigation report (PSI) provided for a guideline range of 78–97 months of imprisonment based on a total offense level of 26 and a criminal history Category of III. Nevertheless, the probation officer preparing the PSI recommended an upward departure of two criminal history categories. The district court adopted that recommendation.

This court reviews a sentencing court's upward adjustment of a defendant's criminal history for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 91, 96–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Koeberlein*, 161 F.3d 946, 952 (6th Cir.1998). Section 4A1.3 of the guidelines expressly provides for upward departure where the defendant's criminal history category fails adequately to reflect the seriousness of the defendant's past criminal conduct or the likelihood that he will commit other crimes. *United States v. Bennett*, 975 F.2d 305, 309 (6th Cir. 1992). Upward departures must be supported by specific factual findings, 18 U.S.C. § 3553(c)(2), and must satisfy a three part test: First, are the circumstances of this case "sufficiently unusual," as a matter of law, to justify a departure? Second, are the factual findings of the sentencing court adequate to support departure? And finally, is the departure reasonable in its extent? *United States v. Joan*, 883 F.2d 491, 493–94 (6th Cir.1989). As a general rule, the appellate court will defer to the sentencing court's "superior 'feel' for the case." *Joan*, 883 F.2d at 494.

The court found that a criminal history level of III did not adequately address Raines's criminal history and that a criminal history level of V, as recommend by the presentence report, was just and fair under the circumstances. The district court expressed particular concern with four prior incidents of felony assault. Moreover, the court found that a criminal history level III did not address the fact that Raines, within days or weeks after being released from each of the prior offenses, found himself back in the criminal justice process charged with new offenses. Thus, the court expressed its concern not only with the seriousness of the offenses, but the proximity of them to one another. Each incident of criminal conduct was reliably demonstrated as required by § 4A1.3(e), and each incident was substantiated in the presentence investigation report or not otherwise challenged at sentencing. United States Sentencing Guidelines § 4A1.3(e) specifically contemplates this type of circumstance as a basis for an upward departure. Accordingly, the district court did not abuse its discretion.

Furthermore, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.